# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CENTURY-NATIONAL INSURANCE COMPANY, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> DOUGLAS J. GARDNER, ESQ., *et al.*, <br><br> Defendants | Case No.: 2:18-cv-02090-APG-BNW <br><br> **Order Denying ALPS' Motion for Partial Judgment on the Pleadings and Motion to Strike and Denying Plaintiffs' Motion for Leave to File Sur-Reply and Motion for Hearing** <br><br> [ECF Nos. 43, 46, 50, 52] |

The plaintiffs provided insurance and reinsurance coverage to a defendant in an underlying personal injury lawsuit. The plaintiffs sue Douglas Gardner, the defense counsel in that suit, and his malpractice insurer, ALPS Property & Casualty Insurance Company. The plaintiffs allege that ALPS committed breach of contract, breach of the covenant of good faith and fair dealing, and fraud by offering to contribute $1.5 million towards a settlement of the underlying litigation and then reneging on that offer. ALPS moves for judgment on the pleadings on the fraud claim.[1] ECF No. 43. The plaintiffs move for leave to file a sur-reply in opposition to the motion. ECF No. 50. ALPS moves to strike the sur-reply. ECF No. 52.

I deny ALPS' motion for judgment on the pleadings because the plaintiffs have pleaded fraud with requisite particularity and ALPS relies on evidence outside of the pleadings. Because the surreply is focused on the evidence outside of the pleadings, I deny the motion for leave to file the surreply and deny the motion to strike as moot.

/ / / /

---

[1] The plaintiffs move for a hearing on ALPS' motion for judgment on the pleadings. ECF No. 46. No hearing is necessary for resolution of this motion so I deny the plaintiffs' motion for a hearing. *See* L.R. 78-1.

## I. BACKGROUND

Gardner represented the defendant in the underlying personal injury lawsuit filed in 2016. ECF No. 26 at ¶¶ 18, 21-22. The plaintiffs in this suit provided insurance and reinsurance coverage to that defendant. *Id.* at ¶¶ 14-15. The plaintiffs allege that Gardner committed malpractice, which resulted in entry of a $4,940,629.74 judgment against the defendant in that suit. *Id.* at ¶¶ 40-41. After the defendant filed a notice of appeal, the parties agreed to a $3 million settlement in mediation. *Id.* at ¶¶ 43-45.

The plaintiffs in this suit negotiated with ALPS prior to the mediation. *Id.* at ¶ 45. ALPS made a written offer to "fund $1.5 million in settlement" and later reiterated "its commitment to fund up to $1.5 million of a total $3 million settlement . . . and stated that its contribution offer would remain open through mediation." *Id.* The plaintiffs allege that they agreed to the $3 million settlement in reliance on this representation. *Id.* However, "ALPS was secretly communicating with [the plaintiff's] counsel" and later refused to fund the settlement as promised. *Id.* at ¶¶ 46-47. The plaintiffs allege that ALPS "made the false promise . . . to induce [the plaintiffs in this suit] to settle[,]" "thereby capping ALPS exposure due to Gardner's malpractice." *Id.* at ¶¶ 75-76.

## II. DISCUSSION

### A. Judgment on the Pleadings Standard

Judgment on the pleadings under Federal Rule of Civil Procedure 12(c) is proper if, "taking all the allegations in the pleadings as true, the moving party is entitled to judgment as a matter of law." *Milne ex rel. Coyne v. Stephen Slesinger, Inc.*, 430 F.3d 1036, 1042 (9th Cir. 2005) (quotation omitted). "[J]udgment on the pleadings is improper when the district court goes beyond the pleadings to resolve an issue; such a proceeding must properly be treated as a

motion for summary judgment." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir. 1989). A Rule 12(c) motion is the functional equivalent of a Rule 12(b)(6) motion. *See Harris v. Orange Cty.*, 682 F.3d 1126, 1131 (9th Cir. 2012). Consequently, I must determine whether the complaint contains "sufficient factual matter . . . to state a claim for relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

Additionally, Federal Rule of Civil Procedure 9(b)'s particularity requirement applies to the plaintiffs' fraud claim. "Rule 9(b) requires a party to state with particularity the circumstances constituting fraud or mistake, including the who, what, when, where, and how of the misconduct charged." *Ebeid ex rel. U.S. v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010) (quotation omitted). *Id.* "The plaintiff must set forth what is false or misleading about a statement, and why it is false." *Id.* (quotation omitted). In sum, the plaintiff "must provide enough detail to give [the defendant] notice of the particular misconduct which is alleged to constitute the fraud charged so that [it] can defend against the charge and not just deny that [it has] done anything wrong." *Id.* at 999 (quotation omitted).

### B. Fraud Allegations

ALPS argues that the plaintiffs fail to plead fraud with particularity. ECF No. 43 at 8–9. ALPS also attaches a "claim debilitating email" from the plaintiffs' attorney on the day of the mediation. *Id.* at 3 n.1. The plaintiffs respond that its claim is pleaded with particularity and they attach a declaration providing context to the email. ECF No. 44.

Under Nevada law, a claim for fraud requires proof of four elements: "(1) [a] false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the

3

misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation." *Barmettler v. Reno Air, Inc.*, 956 P.2d 1382, 1386 (Nev. 1998). The plaintiffs allege (1) that ALPS' two offers to fund $1.5 million of the settlement were false, (2) that ALPS knew the offers were false because it had no intention of funding the settlement and made the offers to induce the plaintiffs in this suit to settle, (3) the plaintiffs relied on the misrepresentation, and (4) the plaintiffs incurred damage as a result. ECF No. 26 at ¶¶ 73-79. The plaintiffs allege in their amended complaint the date these representations were made, to whom they were made, and why they were false. *Id*. at ¶¶ 45, 75. Ultimately, ALPS' ability to respond to the plaintiffs' allegations with a purportedly "claim debilitating" email suggests that it can "defend against the charge and not just deny that [it has] done anything wrong." *Lungwitz*, 616 F.3d at 999 (quotation omitted). So, the plaintiffs' fraud claim is alleged with requisite particularity.

ALPS argues in reply that the plaintiffs' allegation that ALPS did not intend to perform is insufficient because otherwise "every claim for breach of contract could be converted into a fraud case 'so long as the plaintiff adds to his complaint a general allegation that the defendant never intended to keep [its] promise.'" ECF No. 45 at 6 (quoting *Smith v. Allstate Ins. Co.*, 160 F. Supp. 2d 1150, 1154 (S.D. Cal. 2001). But *Smith* is distinguishable. In that case, the plaintiff alleged that his insurer made misrepresentations in his policy, including that he would be in "good hands." *Smith*, 160 F. Supp.2 d at 1153-54. In contrast, the plaintiffs in this case allege specific misrepresentations in the days prior to the settlement. And they allege ALPS made misrepresentations to cap its exposure to Gardner's malpractice, providing further support to the plaintiffs' allegation of fraudulent intent.

I will not consider ALPS's "claim debilitating" email because it is outside the pleadings. Nor will I consider the declaration and exhibit attached to the plaintiffs' opposition, which provide context to that email. The plaintiffs' proposed surreply is focused solely on ALPS' response to that declaration, so I deny the plaintiffs' motion for leave to file the sur-reply and deny ALPS's motion to strike the surreply as moot. Although I could consider this extrinsic evidence and treat the motion as one for summary judgment, ALPS has since filed a motion for summary judgment. ECF No. 80. Briefing is stayed pending resolution of the plaintiffs' motion to compel. ECF No. 83. Ruling on that motion for summary judgment, once fully-developed, is a more appropriate avenue for resolving the fraud claim than treating this motion as one for summary judgment. So I deny ALPS' motion for judgment on the pleadings.

### III.  CONCLUSION

I THEREFORE ODER that defendant ALPS Property & Casualty Insurance Company's motion for judgment on the pleadings **[ECF No. 43] is DENIED.**

I FURTHER ORDER that the plaintiffs' motion for hearing **[ECF No. 46] is DENIED.**

I FURTHER ORDER that the plaintiffs' motion for leave to file a surreply **[ECF No. 50] is DENIED.**

I FURTHER ORDER that ALPS' motion to strike the surreply **[ECF No. 52] is DENIED as moot.**

DATED this 19th day of December, 2019.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

5