UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CENTURY-NATIONAL INSURANCE COMPANY, *et al.*, <br><br> Plaintiffs <br><br> v. <br><br> DOUGLAS J. GARDNER, ESQ., *et al.*, <br><br> Defendants | Case No.: 2:18-cv-02090-APG-BNW <br><br> **Order Denying ALPS' Motion to Bifurcate Trial and Granting Plaintiffs' Motions to Exclude** <br><br> [ECF Nos. 66, 69, 77] |

Defendant Douglas Gardner represented a defendant in a personal injury lawsuit (the personal injury defendant). The plaintiffs in this case (collectively, the Insurers) provided insurance and reinsurance coverage to the personal injury defendant. The Insurers now sue Gardner and his malpractice insurer, ALPS Property & Casualty Insurance Company (collectively, the defendants). The Insurers allege that (1) Gardner's malpractice resulted in a nearly $5 million judgment against the personal injury defendant and (2) ALPS breached a contract, breached the covenant of good faith and fair dealing, and committed fraud by offering to contribute $1.5 million towards a settlement of the underlying litigation and then reneging on that offer.

ALPS moves to bifurcate the claims against it and the claims against Gardner into separate trials. ECF No. 66. The Insurers move to exclude the defendants' expert witnesses Robert Underdown and David Churchill. ECF Nos. 69; 77. I deny ALPS's motion to bifurcate because bifurcation does not serve judicial economy or the parties' convenience and any undue prejudice can be cured. I grant the Insurers' motion to exclude Underdown because his testimony is either unreliable or does not assist the trier of fact. I grant the Insurers' motion to

exclude Churchill's expert testimony because he is not a proper rebuttal expert, but I will allow him to testify as a fact witness.

## I. BACKGROUND

Gardner represented the personal injury defendant in a lawsuit filed in 2016. ECF No. 26 at ¶¶ 18, 21-22. The Insurers provided insurance and reinsurance coverage to that defendant. *Id.* at ¶¶ 14-15. The Insurers allege that Gardner's malpractice resulted in entry of a $4,940,629.74 judgment in that suit. *Id.* at ¶¶ 40-41. The parties later agreed to a $3 million settlement in mediation. *Id.* at ¶¶ 43-45. The Insurers negotiated with ALPS in connection with the mediation. *Id.* at ¶ 45. ALPS made a written offer to "fund $1.5 million in settlement" and later reiterated "its commitment to fund up to $1.5 million of a total $3 million settlement . . . and stated that its contribution offer would remain open through mediation." *Id.* But ALPS later refused to fund the settlement as promised. *Id.* at ¶ 47.

In this case, Gardner disclosed Underdown as an expert on the conduct of a claims adjuster involved in the underlying case. ECF No. 69-3. Gardner later disclosed Churchill, who was the plaintiff's counsel in the underlying litigation, as a non-retained expert to rebut the Insurers' expert's opinion on Gardner's malpractice. ECF No. 77-2. The Insurers now move to exclude both Underdown and Churchill. ECF Nos. 69; 77.

## II. DISCUSSION

### A. Motion to Bifurcate (ECF No. 66)

ALPS argues that bifurcation of the claims against it and Gardner is necessary because: (1) the claims neither arise out of the same transaction nor present common questions of law or fact; (2) bifurcation would facilitate judicial economy; (3) the claims against each defendant require different evidence; and (4) a consolidated trial would prejudice Gardner. ECF No. 66.

The plaintiffs respond that: (1) ALPS' analysis of its own exposure to the claims against Gardner is relevant to the claims against it; (2) convenience and efficiency do not favor bifurcation; and (3) bifurcation be more prejudicial to them than a consolidated trial would be to Gardner. ECF No. 67.

Federal Rule Civil Procedure 42(b) authorizes courts to order a separate trial of any claim when separation is in the interest of judicial economy, will further the parties' convenience, or will prevent undue prejudice. Fed. R. Civ. P. 42(b). "Rule 42(b) merely allows, but does not require, a trial court to bifurcate cases . . . ." *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1021 (9th Cir. 2004). The decision to bifurcate is committed to the trial court's discretion. *Id.*; *Hirst v. Gertzen*, 676 F.2d 1252, 1261 (9th Cir. 1982).

Much of ALPS' argument addresses documents that are the subject of a pending motion to compel. *See* ECF No. 66 at 10. It would be premature to bifurcate trial on the basis of evidence that may not be discoverable. On the current record, bifurcating the claims for trial would require the parties to present some of the same evidence twice, have witnesses testify twice, make many of the same arguments twice, pay the cost of litigation twice, require empaneling two juries, and consume court resources for two trials. Any concerns about prejudice or confusion on the jury's part can be properly addressed through jury instructions and counsels' opening statements and closing arguments. *See Tracey v. Am. Family Mut. Ins. Co.*, 2010 WL 3613875, at *7 (D. Nev. Sept. 8, 2010). So I decline to bifurcate the trial at this time.

**B. Motion to Exclude Robert E. Underdown (ECF No. 69)**

Gardner and the law firms he was associated with (collectively, Gardner) designated Underdown to provide expert testimony on the conduct of Ignacio Nunez, a claims adjuster involved in the underlying case. ECF No. 69-3 at 2. The Insurers move to exclude Underdown's

3

report and testimony, arguing Underdown is unqualified and his testimony is unreliable and not helpful to the jury. ECF No. 69.  Gardner responds that Underdown is qualified to assess Nunez's conduct and his testimony is relevant to their comparative negligence defense. ECF No. 77.

Federal Rule of Evidence 702 provides that "[a] witness who is qualified as an expert . . . may testify in the form of an opinion or otherwise if: (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702; *see also Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993).  When determining the admissibility of such evidence in advance of trial, I undertake a "gatekeeping" function to ensure that the jury's consideration of evidence is not contaminated by irrelevant or unsupported testimony. *See United States v. Alatorre*, 222 F.3d 1098, 1100-03 (9th Cir. 2000).  I have broad discretion over the discharge of this gatekeeping authority, "not only . . . in determining whether an expert's testimony is reliable, but also in deciding how to determine the testimony's reliability." *Elsayed Mukhtar v. Calif. State Univ., Hayward*, 299 F.3d 1053, 1064 (9th Cir. 2002), *overruled on other grounds by Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 467 (9th Cir. 2014). Although Rule 704(a) provides that an "opinion is not objectionable just because it embraces an ultimate issue[,]"the Federal Rules of Evidence do not allow experts to make legal conclusions. Fed. R. Evid. 704(a); *Hangarter v. Provident Life & Acc. Ins. Co.*, 373 F.3d 998, 1016 (9th Cir. 2004).

Underdown is currently an Arizona-licensed "insurance producer." ECF No. 69-2 at 3. He has spent over 30 years in the insurance industry. *Id.* at 2. But his report includes opinions on a wide variety of topics, including the standard of care for Nevada attorneys, the causation standard in Nevada, and his conclusion that Nunez was at least 50.1% at fault in the underlying case, "bar[ring] the Plaintiff[s'] claim against Mr. Gardner, in whole or in part." *Id.* at 4-5, 9.

I exclude Underdown's testimony regarding an attorney's standard of care, causation, and his comparative fault because he is unqualified and his report is unreliable, unhelpful to the jury and contains an impermissible legal conclusion. The remainder of his testimony is unhelpful to the jury. Underdown describes the testimony of other witnesses in detail and reasons that Nunez should have responded to phone calls and re-assessed settlement based on an escalation in damages. The jury is capable of determining whether these failures met Nunez's standard of care. Gardner contends Underdown's testimony is needed to explain the insurer's litigation guidelines, but the report does not address them and the jury is capable of analyzing these guidelines on its own. ECF Nos. 72 at 8-9; 69-2. I therefore grant the Insurers' motion to exclude Underdown.

**C. Motion to Exclude David J. Churchill (ECF No. 77)**

Gardner disclosed Churchill on the deadline for rebuttal expert disclosures as the "lead counsel" for the plaintiff in the underlying personal injury lawsuit. ECF No. 77-2 at 3. The disclosure indicates that he is expected to testify "regarding Mr. Gardner's prosecution of the defense of the case, including but not limited to the utility of a defense IME expert, liability assessment and lack of notice defense, impact of witness testimony at trial, including Ms. Ferris' employer, and potential defense witnesses' credibility and availability at trial, and the securing of a court reporter at trial." *Id.* The disclosure separately notes that his testimony is intended to

"contradict evidence on the same subject matter identified by the Insurers' expert, Dennis L. Kennedy." *Id.*

Federal Rule of Evidence 26(a)(2)(D)(ii) permits rebuttal expert testimony that is "intended solely to contradict or rebut evidence on the same subject matter identified" by an initial expert witness. "If the purpose of expert testimony is to contradict an expected and anticipated portion of the other party's case-in-chief, then the witness is not a rebuttal witness or anything analogous to one." *R & O Const. Co. v. Rox Pro Int'l Grp., Ltd.,* No. 2:09-CV-01749-LRH-LR, 2011 WL 2923703, at *2 (D. Nev. July 18, 2011) (quotations omitted). "Rather, rebuttal expert testimony is limited to new unforeseen facts brought out in the other side's case." *Id.* (quotations omitted). And "Rule 37 gives teeth to Rule 26's disclosure requirements by forbidding the use at trial of any information that is not properly disclosed[,]" unless the failure is substantially justified or harmless. *Goodman v. Staples The Office Superstore, LLC*, 644 F.3d 817, 827 (9th Cir. 2011) (quotation omitted).

The subjects identified in Churchill's expert disclosure show that his purpose is to contradict an expected part of the Insurers' malpractice claim—the deficiency of Gardner's performance—rather than to rebut Kennedy's report. In a malpractice case, Kennedy's opinion on Gardner's malpractice should have been foreseen. While not required, Churchill testified that he never reviewed Kennedy's report, further suggesting that he is not a true rebuttal expert. Churchill was thus an improper rebuttal witness and should have been disclosed by the deadline for initial experts.[1] Gardner does not argue that his failure to timely disclose Churchill as an initial expert was substantially justified or harmless. I thus grant the Insurers' motion to exclude

---

[1] It appears Churchill was not disclosed by the initial deadline because he was only named as a non-retained expert "to assist [him] in getting paid." ECF No. 77-3 at 6.

Churchill's expert testimony.  However, Churchill was also disclosed as a fact witness and may testify in that capacity.[2] ECF No. 87-1 at 6.

## III.     CONCLUSION

I THEREFORE ORDER that defendant ALPS's motion to bifurcate **(ECF No. 66) is DENIED without prejudice.**

I FURTHER ORDER that the Insurers' motion to exclude Robert Underdown **(ECF No. 69) is GRANTED.**

I FURTHER ORDER that the Insurers' motion to exclude David Churchill **(ECF No. 77) is GRANTED.**  However, Churchill may testify as a fact witness.

DATED this 14th day of May, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

---

[2] The Insurers argue in reply that Churchill should also be excluded as a fact witness. ECF No. 88 at 9-11.  But in their opening brief, the Insurers asked for his testimony to be limited to "his percipient knowledge and observations during the course of the litigation of the [u]nderlying [a]ction." ECF No. 77 at 4.  So I exercise my discretion not to consider their arguments for Churchill's exclusion as a fact witness. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").