James P.C. Silvestri, Esq.
Nevada State Bar No. 3603
**PYATT SILVESTRI**
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
Telephone: 702-383-6000
Facsimile:  702-477-0088
jsilvestri@pyattsilvestri.com

John A. Marshall, Esq.
California State Bar No. 109557
**MARSHALL & ASSOCIATES**
26565 W. Agoura Road, Suite 200
Calabasas, California 91302
Telephone: 818-617-9337
Facsimile:  818-688-0673
john@marshallbusinesslaw.com

Attorneys for Plaintiffs, CENTURY-NATIONAL INSURANCE COMPANY, a California corporation, PACIFIC PIONEER INSURANCE GROUP, INC, a Delaware corporation, PACIFIC PIONEER INSURANCE COMPANY, a California corporation, and UCA GENERAL INSURANCE SERVICES, a California corporation

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CENTURY-NATIONAL INSURANCE COMPANY, a California corporation, PACIFIC PIONEER INSURANCE GROUP, INC., a Delaware corporation, PACIFIC PIONEER INSURANCE COMPANY, a California corporation, and UCA GENERAL INSURANCE SERVICES, a California corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> DOUGLAS J. GARDNER, ESQ., an individual, DOUGLAS J. GARDNER, LTD., a Nevada domestic professional corporation, RANDS & SOUTH, LTD., a Nevada domestic professional corporation, ALPS PROPERTY & CASUALTY INSURANCE COMPANY, a Montana corporation, DOES 1 through 20, inclusive Defendants. | Case No.: 2:18-cv-02090-APG-BNW <br><br> **JOINT PRE-TRIAL ORDER** |

MARSHALL & ASSOCIATES

26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

## JOINT PRE-TRIAL ORDER

After pretrial proceedings in this case,

IT IS ORDERED:

### I.

**This is an action for:** [State nature of action, relief sought, identification and contentions of parties.]

1. The Parties and Pleadings

Plaintiffs Century-National Insurance Company ("CNIC"), Pacific Pioneer Insurance Group, Inc. ("PPIG"), Pacific Pioneer Insurance Company ("PPIC"); and UCA General Insurance Services ("UCA") a group of related insurers and reinsurers (collectively, "Plaintiffs")

Defendants Douglas J. Gardner ("Gardner"), an individual; Douglas J. Gardner, Ltd. ("LTD"), a Nevada domestic professional corporation, and Rands & South, Ltd. ("Rands") are attorneys that were retained by Plaintiffs to provide legal services to CNIC's insured (collectively, the "Gardner Defendants").

Defendant ALPS Property & Casualty Insurance Company, is the legal malpractice insurance carrier for the Gardner Defendants ("Defendant ALPS").

The pleadings which raise the issues in this matter are Plaintiff's First Amended Complaint (Doc. No. 26); Gardner Defendants' Answer (Doc. No. 28); and Defendant ALPS's Answer to the First Amended Complaint (Doc. No. 58).

2. Nature of the Action

(a) Plaintiffs assert the following claims against the Gardner Defendants:

    (1) Legal Malpractice
    (2) Breach of Fiduciary Duty

(b) Plaintiffs assert the following claims against Defendant ALPS:

    (1) Breach of Contract
    (2) Breach of Covenant of Good Faith and Fair Dealing
    (3) Fraud

(c) The elements required to establish Plaintiffs claims are:

    (1) Legal Malpractice: 1) an attorney-client relationship; (2) a duty owed to the client by the attorney to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity possess in exercising and performing the tasks which they undertake; (3) a breach of that duty; (4) the breach being the proximate cause of

the client's damages; and (5) actual loss or damage resulting from the negligence. Day v. Zubel, 112 Nev. 972, 976, 922 P.2d 536, 538 (1996)

(2) <u>Breach of Fiduciary Duty</u>: (1) existence of a fiduciary duty, (2) breach of the duty, and (3) damages as a result of the breach. See Guilfoyle v. Olde Monmouth Stock Transfer Co., 130 Nev. 801, 812-13, 335 P.3d 190, 198 (2014)

(3) <u>Breach of Contract</u>: (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damage as a result of the breach. Saini v. Int'l Game Tech., 434 F. Supp. 2d 913, 919–20 (D. Nev. 2006)

(4) <u>Breach of Covenant of Good Faith and Fair Dealing</u>: When a party to a contract performs in a manner that is unfaithful to the purpose of the contract and the justified expectations of the other party are thus denied, damages may be awarded against the party who does not act in good faith. *Hilton Hotels Corp. v. Butch Lewis Prods., Inc.,* 107 Nev. 226, 234 (1991).

(5) <u>Fraud</u>: (1) [a] false representation made by the defendant; (2) defendant's knowledge or belief that its representation was false or that defendant has an insufficient basis of information for making the representation; (3) defendant intended to induce plaintiff to act or refrain from acting upon the misrepresentation; and (4) damage to the plaintiff as a result of relying on the misrepresentation. Barmettler v. Reno Air, Inc., 956 P.2d 1382, 1386 (Nev. 1998).

(d) Plaintiffs' Contentions:

<u>Contentions Against Gardner Defendants</u>

Plaintiffs engaged the professional services of the Gardner Defendants to represent CNIC's insured, Universal Capital Investments, LLC dba Nema Business Center, LLC ("NEMA") in the defense of a personal injury action against NEMA in <u>Ferris v. NEMA Business Center, LLC</u>, Case No. A-16-735306-C, in the District Court of Clark County, Nevada (the "Ferris Action"). Plaintiffs contend that the Gardner Defendants owed Plaintiffs a duty to use "such skill, prudence, and diligence as lawyers of ordinary skill and capacity possess in exercising and performing the tasks which they undertake" in handling NEMA's defense and that the Gardner Defendants failed to use such skill, prudence and diligence at every step in the handling of the Ferris Action, including by failing to properly and timely assess and advise Plaintiffs regarding a policy limits Offer of Judgment, failing to properly and timely assess NEMA's exposure and the extent of damages claimed, and failing to properly and timely conduct discovery, retain and disclose experts, and prepare for trial. Plaintiffs contend that the Gardner Defendants' mishandling of the Ferris Action resulted in a judgment upon jury verdict in the amount of $4,940,629.74, and that but for the Gardner Defendants' malpractice and/or breaches of fiduciary duty owed to Plaintiffs, Plaintiffs would have accepted the Offer of Judgment and/or the jury verdict in the Ferris Action would have been lower, and/or a defense verdict. Plaintiffs were thereafter able to settle and compromise the $4,940,629.74 judgment on jury verdict for $3,000,000.00 with the plaintiff in the Ferris Action, Antoinette Ferris ("Ferris"), and were thereby damaged in the amount of at least $3,000,000.00.

<u>Contentions Against ALPS</u>

Plaintiffs contend that Defendant ALPS made promises and representations to Plaintiffs that ALPS would contribute $1,500,0000 on behalf of its insureds the Gardner Defendants,

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

toward settlement of the Ferris Action, if Plaintiffs were able to reach a $3,000,000 settlement with Ferris with Plaintiffs providing a Release of Claims in favor of the Gardner Defendants. Plaintiffs contend that Plaintiffs and ALPS formed a valid contract regarding ALPS's promise to contribute $1,500,000 toward a $3,000,000 settlement with Ferris, and that ALPS breached the agreement by failing to contribute $1,500,000 toward settlement.

Plaintiffs also contend that ALPS's representations to Plaintiffs regarding contribution to settlement were fraudulent, in that ALPS had no intention of honoring its promises and representations to contribute $1,500,000 toward a $3,000,000 settlement when it made those representations, but instead intended to induce Plaintiffs to settle the Ferris Action for $3,000,000. ALPS's false promises and representations were relied on by Plaintiffs and induced Plaintiffs into settling the Underling Action for $3,000,000, resulting in damages to Plaintiffs when ALPS acted in bad faith and failed to contribute $1,500,0000 toward the settlement.

The total amount of damages incurred by Plaintiffs as a result of the Gardner Defendants and Defendant ALPS's wrongful acts are in an amount to be proven at trial.

(e) Gardner Defendants' Contentions

The Gardner Defendants contend that Plaintiffs, through Ignacio Nunez and Lin Lan, failed to abide by their own guidelines for claims handling and litigation management. This includes both the assessment of the claim, the management of the defense pre-trial, along with the Plaintiffs' handling of the trial management, all contrary to their own policies and procedures. As such, Plaintiffs' negligence contributed to their damages and any award should be reduced accordingly.

In addition, Plaintiffs had both sufficient knowledge and opportunity to settle the Ferris matter before trial and within policy limits. Thus, Plaintiffs failed to mitigate their damages. Finally, the Gardner Defendants contend the Plaintiffs cannot establish the case-within-a-case value of the underlying Ferris matter had it been properly litigated and tried to the jury.

(f) ALPS' Contentions:

ALPS is the Gardner Defendants' malpractice insurer and is named as a Defendant in what is effectually a different matter altogether and subject to a motion for bifurcation. ALPS maintains Plaintiffs were fully responsible for failing to settle within policy limits and had a reasonable opportunity to do so before trial. After the judgment was entered, Plaintiffs claim there was an agreement that ALPS participate in settlement of the underlying and to settle the case for a set amount before the settlement was reached and that ALPS failed to fund its agreed upon share. However, Plaintiffs did not accept any offer made by ALPS to participate in settlement at any point; and they in fact voluntarily and very specifically rejected ALPS's offers to participate in the appellate settlement conference and in any potential settlement. Plaintiffs even attempted to settle the underlying case without ALPS's participation by offering an assignment of their alleged malpractice claim against the Gardner Defendants. Moreover, there never existed any form of an offer and acceptance between ALPS and Plaintiffs regarding ALPS's prospective contribution to any settlement to be achieved to form a contract. Plaintiffs expressly rejected ALPS' offers before the offer was withdrawn. Plaintiffs voluntarily elected to settle the underlying matter on their own despite not having an agreement from ALPS in place

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

regarding percentage or a firm amount of contribution; therefore, they were not induced to settle the case by ALPS. ALPS additionally contends that any alleged oral contract to make payment based upon a debt of another violates the statute of frauds because there is no agreement in writing between these parties.

3.  Relief Sought

(a)  Plaintiffs seek damages in amount according to proof at trial as follows:

Relief Sought Against Gardner Defendants

For Plaintiffs' first cause of action for legal malpractice arising from the Gardner Defendants mishandling of the defenses of the Ferris Action, Plaintiffs seek the difference between what should have been awarded to Ferris in a properly prepared and presented trial and the $3 million actually paid to settle the Ferris Action post-verdict. Plaintiffs have also incurred attorneys' fees subsequent to trial and through settlement in concluding the Ferris Action and have lost interest on the $3,000,000.00 paid to Ms. Ferris, and based thereon therefore seeks damages in an amount to be proven at trial.

Under Plaintiffs' second cause of action, Plaintiffs seek damages in the amount of at least $2,000,000.00 for the breach of fiduciary duty by the Gardner Defendants. Had the Gardner Defendants properly discharged their obligations, plaintiffs would have accepted the Offer of Judgment in the amount of $999,999 offered by Ferris in the Ferris Action.  By failing to discharge their fiduciary obligations, Gardner Defendants denied Plaintiffs the ability to settle the matter for the policy limits.  Further, had the attorney defendants properly discharged their fiduciary obligations and informed plaintiffs that they were incapable of preparing the matter for trial, the attorney defendants could have retained new counsel to properly prepare and try the matter.  Plaintiffs believe that properly presented, the verdict in the Ferris matter would have been less than $1,000,000.00.

Relief Sought Against ALPS

For Plaintiffs' third and fourth causes of action against Defendant ALPS, Plaintiffs seek at least $1,500,000.00, plus interest.

Plaintiffs also seek damages in an amount to be proven at trial, to include punitive damages under Plaintiffs' fifth cause of action for fraud. Plaintiffs assert that as a result of the refusal of Defendant ALPS to honor its commitment to fund the settlement of the Ferris Action, PPIC and UCA were required to fund the extra contractual portion beyond the $1,000,000.00 policy limits of the CNIC Policy.  The payment by PPIC and UCA adversely affected the surplus of PPIC, resulting in its necessary sale below fair market value, which is directly attributable to the drawdown in its surplus caused by ALPS failure to honor its obligations and representations to Plaintiffs.

**II.**

**Statement of jurisdiction:** [State the facts and cite the statutes that give this court jurisdiction of the case.]

5

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

This Court has jurisdiction over this action pursuant to 28 U.S.C. §1332 in that the controversy is between citizens of different states and the matter in controversy exceeds $75,000 exclusive of interest and costs. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b). The Court's jurisdiction is not contested.

### III.
### The following facts are admitted by the parties and require no proof:

1.  On June 25, 2014, Antoinette Ferris ("Ferris") slipped and fell on water in the bathroom stall of a restroom (the "Incident") in a commercial building that was maintained by CNIC's insured NEMA, located at 1500 E. Tropicana Avenue, Las Vegas, NV 89119 (the "Building")

2.  At the time of the Incident, Ferris worked in the Building for Acclaimed In Home Care ("Acclaimed") as a supervisor and teacher for personal care assistants.

3.  At the time of the Incident, Ferris had worked for Acclaimed for approximately two years and had regularly used the restroom in the Building during that time prior to the Incident.

4.  After Ferris slipped and fell, she lay on the floor of the women's restroom for approximately 3 minutes and tried to yell for help.

5.  After reporting the Incident to Dominguez, Ferris returned to work where she reported the Incident to her boss, Sydney Genova, and the Building's property manager, Mike.

6.  Approximately 1.5 to 2 hours after the Incident on June 25, 2014, Ferris went to Concentra Medical Centers ("Concentra"), per the direction of her boss, which is where Acclaimed sends its worker's comp claims.

7.  On June 27, 2014, Ferris had a follow-up visit with Concentra doctors, after which Ferris was released to modified activities with restrictions and recommended physical therapy.

8.  On July 17, 2014, Precision Risk Management ("PRM") the claims administrator for CNIC, assigned investigation of Ferris's general liability claim for the slip and fall to Protocol Insurance Services ("Protocol").

9.  On July 22, 2014, Protocol performed a site inspection of the women's restroom at the Building, and took photos of the loss location (including restroom stall) while noting in its report that "Insured explains there was a slow leak that was originating at this location. It has since been repaired."

10. On July 22, 2014, Protocol took the recorded statement of Mike Palar, who stated there was a leak when the toilet was flushed and that he called a plumber to fix the leak.

1

2

3

4

5

6

7

8

9

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11.     On July 31, 2014, Ferris was seen by Matt Smith Physical Therapy and recommended physical therapy three times a week.

12.     On September 22, 2014, Protocol reported to PRM that NEMA did not have knowledge or notice of the leak and that no logs were maintained.

13.     On January 19, 2015, Ferris underwent surgery for a left hemilaminectomy at L4-L5 at Desert Springs Hospital Medical Center.

14.     Following the Incident, Ferris continued to work for Acclaimed part-time on light duty until May 2015.

15.     On April 28, 2016, Ferris filed an Amended Complaint against NEMA in the District Court of Clark County, Nevada (the "Ferris Action").

16.     On May 3, 2016, NEMA received the Summons and Amended Complaint for the Ferris Action.

17.     On May 7, 2016, PRM assigned the defense of NEMA in the Ferris Action to the Gardner Defendants.

18.     Defendant ALPS was the insurer providing legal malpractice coverage for the Gardner Defendants under a policy of insurance at the time that the Gardner Defendants represented NEMA in the Ferris Action.

19.     Throughout the pendency of the Ferris Action, Gardner was a partner at Rands & South, Ltd., which was known at the time as Rands South & Gardner.

20.     Rands South & Gardner billed Plaintiffs for Gardner's time on the Ferris Action.

21.     No other attorney at Rands South & Gardner billed any time to the Ferris Action.

22.     At the time that the Gardner Defendants undertook to represent NEMA in the Ferris Action, Gardner had been diagnosed with multiple sclerosis.

23.     On September 12, 2016, Ferris served an Initial Early Case Conference List of Witnesses and Exhibits, which identified total medical bills to date at $170,649.89.

JOINT PRE-TRIAL ORDER

24. On September 12, 2016, Gardner executed a Joint Case Conference Report on NEMA's behalf in the Ferris Action, agreeing to a proposed discovery cut-off date of September 12, 2017, an initial expert disclosure deadline of June 14, 2017, and a rebuttal expert disclosure deadline of July 14, 2017.

25. On September 20, 2016 the Gardner Defendants served a First Set of Interrogatories and a First Set of Requests for Production of Documents on Ferris.

26. On October 31, 2016, the Court in the Ferris Action issued a Scheduling Order with a expert disclosure deadline of June 14, 2017 and July 14, 2017 for rebuttal experts.

27. On November 4, 2016 the Court in the Ferris Action issued an Order Setting Jury Trial for January 2, 2018.

28. On November 14, 2016, the Gardner Defendants advised Plaintiffs that it would be important to have an Independent Medical Exam performed on Ferris.

29. On February 9, 2017, Ferris served NEMA with written discovery: a First Set of Interrogatories and a First Set of Requests for Production.

30. On June 13, 2017, Ferris filed an Early Case Conference List of Witnesses and Exhibits (First Supplement),

31. On June 14, 2017, Ferris disclosed four expert witnesses—Dr. Jeffrey D. Gross ("Gross"), a neurosurgeon who opined on Ferris' injuries and medical treatment; Terrence M. Clauretie, Ph.D. ("Clauretie"), a certified public accountant who opined on Ferris' loss of earning capacity; Linda Thornburg ("Thornburg"), a vocational technician who opined on Ferris' loss of income; and Thomas Jennings ("Jennings"), a safety expert who opined on the causal factors related to the Incident.

32. The Gardner Defendants did not disclose any initial expert witness on behalf of NEMA in the Ferris Action prior to the deadline of June 14, 2017.

33. The Gardner Defendants reviewed Ferris' initial expert reports on June 19, 2017, and began reaching out to potential rebuttal expert witnesses on June 21, 2017.

34. On June 21, 2017, the Gardner Defendants contacted Sharon McNair, CPA to ask her to act as a rebuttal expert witness to Ferris's vocational assessment and loss of earnings capacity reports.

35. On June 21, 2017, the Gardner Defendants contacted spine surgeon Dr. Mark Kabins' office to discuss possibility of Dr. Kabins serving as a rebuttal expert witness and perform an IME on Ferris. Dr. Kabins' office responded that its only availability for an IME was on June 30, 2017 at 6:00 p.m.

8

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

36. On June 23, 2017, the Gardner Defendants contacted American Bio Engineers to confirm their availability to act as a rebuttal expert witness in the Ferris Action.

37. On or about June 29, 2017, Jennifer Meachem, Gardner's assistant, spoke to NEMA's representatives/witnesses, Mike White, Mike Palar and Daniel Dominguez, for the first time.

38. The Gardner Defendants did not have any expert consultants inspect the property where Ferris was injured.

39. On June 30, 2017 Meachem emailed Palar a copy of NEMA's draft Answer's to Ferris's First Set of Interrogatories, that had been served in February 2017.

40. On June 30, 2017, Ferris noticed the Deposition of Mike Palar and inspection of the Building.

41. On July 7, 2017, Justin Brink of American Bio Engineers informed Gardner's assistant, Jennifer Meachem, that he agreed with Ferris' safety expert's report.

42. On July 10, 2017, the Gardner Defendants received an Offer of Judgment from Ferris in the amount of $999,999 in the Ferris Action (the "Offer of Judgment").

43. At the time that the Offer of Judgment was served in July 2017, the statute required that the Offer be accepted within 10 days of service.

44. On July 12, 2017, Gardner forwarded the Offer of Judgment to Plaintiffs.

45. On July 13, 2017, Gardner emailed McNair informing her that her report was due the next day. McNair responded that she had been waiting for Gardner to give her approval and that she could not have a report ready the next day.

46. On July 14, 2017, Ferris served a supplemental disclosure, listing her medical expenses at $341,296.99 and her loss of income at $481,805 to $483,667.

47. On July 14, 2017 the rebuttal expert disclosure deadline lapsed without the Gardner Defendants disclosing a single rebuttal expert witness on NEMA's behalf.

48. On July 27, 2017, Ferris's Counsel took the deposition of Mark Palar.

49. On August 25, 2017, the Gardner Defendants served a Notice of Vacating Deposition of Daniel Dominguez, and never took his deposition before trial.

50. On August 31, 2017, the Gardner Defendants served NEMA's Amended Response to Ferris's First Set of Requests for Production and Answers to Ferris's First Set of Interrogatories.

51. On or about September 11, 2017, the Gardner Defendants learned that Ferris's Counsel had unilaterally taken the recorded statement of Daniel Dominguez. The Gardner Defendants never moved to exclude Dominguez's unilaterally recorded statements from trial.

52. On September 27, 2017, Ferris disclosed Jennings' supplemental report.

53. The Gardner Defendants did not conduct any depositions of any experts or any of Ferris' treating providers in the Ferris Action.

54. On November 27, 2017, the Court in the Ferris Action issued an Order stating "that if there is sufficient evidence of spoliation to merit a jury instruction on the issue of spoliation, that the jury instruction shall contain both the negligent spoliation of evidence, and the intentional spoliation of evidence instruction."

55. On December 6, 2017, the Department's judicial executive assistant, Angela McBride, sent a letter to counsel confirming that the case was scheduled to commence trial on January 11, 2018, and further advising counsel that the Department is a "reporting department" – i.e., they must contact the court reporter in advance of trial in order to arrange for the trial to be reported. "If you do not schedule with the [ ] Court Reporter to be present for your trial, there will be no record made of trial."

56. On December 18, 2017, Lisa Richardson, Gardner's assistant, reminded Gardner that if he wanted the trial in the Ferris Action recorded, the court reporter would "*need $3,000 7 days prior to trial (January 2, 2018)*."

57. On December 29, 2017, the Gardner Defendants were informed that the owner of NEMA, Michael White would be unable to participate in the trial in the Ferris Action if it proceeded during the week of January 11, 2018 because he was scheduled for surgery on January 13, 2018 and could not reschedule his surgery.

58. The Gardner Defendants did not subpoena any witnesses to appear to testify at the trial in the Ferris Action.

59. NEMA did not have any representatives appear or testify on its behalf at the trial in the Ferris Action.

60. A jury trial was held in the Ferris Action from January 11 through January 18, 2017.

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

61. On February 2, 2018, a Judgement on Jury Verdict was entered by the trial court in the Ferris Action, awarding Ferris $4,940,629.74, bearing post judgment interest at a rate of 6.5% per day until paid, against NEMA.

62. Gardner informed Plaintiffs that he interviewed the jurors in the Ferris Action after trial, and the jurors informed Gardner that the jury initially was prepared to find a modest verdict including past lost wages of $161,069.00 and future medical expenses of $300,414.00. However, the jury found it was almost necessary to punish NEMA because it presented no live witnesses.

63. On March 13, 2018, Gardner informed ALPS that he needed to submit a new claim arising from the Ferris Action.

64. On April 18, 2018, Plaintiffs' Counsel, John Johnson of Cozen O'Connor, sent ALPS adjuster, Christopher Fagan, a letter advising ALPS that Cozen O'Connor had been retained to represent Pacific Pioneer Insurance Company and Century National Insurance Company relative to a claim against the Gardner Defendants stemming from their representation of NEMA in the Ferris Action.

65. On May 11, 2018, Plaintiffs requested that Gardner execute a Substitution of Counsel in the Ferris Action.

66. On June 11, 2018, the Court in the Ferris Action denied NEMA's Motion for New Trial.

67. On or about July 12, 2018, ALPS adjuster Chris Fagan informed Plaintiffs' Counsel that "ALPS is sitting here at the table to contribute to a settlement".

68. On August 15, 2018, NEMA, Plaintiffs herein, and Ferris attended a Settlement Conference before Ishi Kunin, Esq., which resulted in a settlement of the Ferris Action in the amount of $3 million.

## IV.

**The following facts, though not admitted, will not be contested at trial by evidence to the contrary:**

1. Plaintiffs are composed of a group of related insurers and reinsurers.

2. Plaintiff CNIC is the insurance company that provided insurance coverage to NEMA under a $1 million policy of insurance (the "Policy").

3. Plaintiff PPIG is a group of insurance entities that contracts with CNIC to provide insurance services to policyholders, such as NEMA. PPIG was  at all relevant times

the holding company of UCA and PPIC.

4. Plaintiff UCA is an insurance program writer and provides property and casualty insurance programs to CNIC and writes commercial package business throughout many western states, including California and Nevada. The Agreement between CNIC and UCA provides that UCA is responsible for any damages over policy limits.

5. Plaintiff PPIC is an insurance company licensed in 12 states and at all relevant times, assumed a share of the business produced by UCA, responsible as a reinsurer for 33% of the coverage. While CNIC provided the insurance policy for NEMA, PPIC reinsured CNIC for the policy and through agreement between PPIC and UCA, UCA assumed a share of the reinsurance costs that PPIC incurred for the CNIC policy with NEMA.

6. Pursuant to the terms of settlement reached between Plaintiffs and Ferris in the Ferris Action, Plaintiffs paid Ferris $3 million without any contribution received from ALPS.

7. At the time of the Incident, Ferris walked into a restroom stall while wearing sandals and her right foot slipped on a puddle of water at the base of the toilet as she turned to lock the stall door. Ferris fell on her back with her left leg up in the air. There were no other witnesses in the bathroom at the time of the Incident.

8. After Ferris slipped and fell, she heard someone in the men's restroom next door but contended she did not know it was the Building's maintenance personnel, Daniel Dominguez ("Dominguez"), at the time.

9. When Ferris stood up from her fall, she banged on the wall shared with the men's restroom and when she got no response, Ferris left the women's restroom, saw Dominquez's cleaning car and "knew he was in the restroom", then banged on the door of the men's restroom with both fists until Dominguez came out.

10. Ferris informed Dominguez that she had slipped and fell from water in the restroom, and Ferris testified that Dominguez responded that "Mike knows it's leaking down the back of the wall."

11. On June 25, 2014, Concentra doctors diagnosed Ferris with lumbar radiculopathy, lumbar strain, and contusion of the buttocks. Lumbar x-ray was unremarkable. Physical therapy was recommended. Ferris was placed on modified work duty with restrictions. Medication was prescribed.

12. On July 24, 2014, Ferris was seen by Desert Radiologists for an MRI of the lumbar spine. Per the Findings in the MRI Report: "Alignment of the lumbar spine is within normal limits. The vertebral body heights are relatively well-preserved. No evidence of lumbar spine compression fracture. Disk dessication is seen at several levels."

13. On January 13, 2015, Ferris was seen by Paul Heeren, MD who noted that Ferris had known peripheral vascular disease and a previous right iliac stent.

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

14. On April 3, 2015, Ferris was seen by Desert Orthopaedic Center for a post-operative visit. The post-operative visit reported that Ferris was "advised that she would benefit from weight loss program. Patient should continue with home walking program."

15. On May 28, 2015, Ferris was seen by Medical Rehabilitation Associates of Las Vegas. The consultation report stated that Ferris "has developed right lower extremity deep venous thrombosis and pulmonary embolism" and noted that Ferris had pre-existing conditions of "1. History of coronary artery disease. 2. History of hypertension. 3. Overweight."

16. On July 16, 2015, Ferris was seen by Clinical Neurology Specialists ("CNS"). CNS's addendum to the consult reported that "It is necessary to mention that the patient's original pain, which prompted for the surgery, was identified on the left; however, current electrophysical studies of the left of the lower extremity are normal and most of the pathology was identified on the contralateral side, mostly like due to the DVT. From an electrophysical standpoint, except for the underlying peripheral neuropathy, I do not see any overt multilevel L2 through S2 radiculopathy bilaterally. No radicular involvement identified on both lower extremities."

17. On July 30, 2015, CNS further reported that "Underlying peripheral neuropathy is not related to the current industrial claim of 6/25/14."

18. On August 4, 2015, Ferris was seen by Bone & Joint Specialists. The visit report states: "I did explain that peripheral neuropathy causes would not be related to the accident in question." An addendum to the visit report states: "her cause of pain is most likely not related to the cervical spine. As I previously dictated, I did not see any evidence that a laminectomy or decompression of her lumbar spine, based of her MRI, would help or benefit her in any way. Her EMG/NCV again was read as peripheral neuropathy, which suggests a portion of her symptoms may be related to nerves outside of the spine […] I do fee she is MMI, stable and ratable. On a nonindustrial basis, she may be a candidate for a spinal cord stimulator for her peripheral neuropathy and lower extremity symptoms."

19. On September 11, 2015, Ferris was seen by Matt Smith Physical Therapy ("MSPT") for a Functional Capacity Evaluation ("FCE"). The FCE report states: "She demonstrated no difficulty with sitting, standing or walking other than demonstrating a decreased speed of motion. […] In conclusion, Mrs. Antoinette Ferris participated on a limited basis during a Functional Capacity Evaluation performed at this facility. There were inconsistencies in her presentation noted, as well as observed self limiting pain behaviors. There were observed signs of symptom magnification. There does exist the probability of a less than maximum effort. The results of this Functional Capacity Evaluation have therefore been determined to be **unreliable/invalid**."

20. On November 4, 2015, Ferris was seen by Ronald G. Kong, MD who reported "In my medical opinion, patient is at maximum medical improvement with ratable impairment."

21. At the time that Gardner undertook to represent NEMA in the Ferris Action, the Gardner Defendants knew that Gardner had been diagnosed with multiple sclerosis.

22. At the time that Gardner undertook to represent NEMA in the Ferris Action, the Gardner Defendants knew that Gardner's MS had begun affecting his cognitive ability in 2014 or 2015, including his short term memory, and that it caused him fatigue.

23. At no time during or prior to the time that Gardner undertook to represent NEMA in the Ferris Action, did the Gardner Defendants inform Plaintiffs that they knew of Gardner's MS.

24. In PRM's May 7, 2016 assignment letter to the Gardner Defendants, PRM instructed the Gardner Defendants to respond to Ferris's Complaint on or before May 23, 2016.

25. The Gardner Defendants did not file an Answer to the Ferris Complaint until June 20, 2016.

26. On September 6, 2016, the Gardner Defendants filed an Early Case Conference List of Witnesses and Production of Documents.

27. On October 3, 2016, the Gardner Parties noticed the deposition of Antoinette Ferris.

28. On November 9, 2016, the Gardner Defendants took the deposition of Ferris.

29. On January 11, 2017, the Gardner Defendants filed an Early Case Conference First Supplemental to List of Witnesses and Production of Documents.

30. As of January 11, 2017, the Gardner Defendants had not interviewed any witnesses from NEMA.

31. The Gardner Defendants did not ask Ferris for an extension of time to respond to discovery and did not contact NEMA or forward the discovery requests to NEMA before the deadline to respond.

32. On March 23, 2017, Ferris' counsel sent a letter to Gardner informing him that NEMA had waived any objections it might have to the written discovery requests as a result of its failure to timely respond to the requests.

33. The Gardner Defendants did not inform NEMA or Plaintiffs that Gardner had failed to timely respond to written discovery requests or that, as a consequence, NEMA's

14

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

objections would likely be deemed waived.

34. On June 29, 2017, Gardner informed Plaintiffs that "this case is becoming very expert driven".

35. On June 30, 2017, Meachem informed Gardner of her interview of Mike White, Mike Palar, and Daniel Dominguez and her assessment that she did not think that Palar would make the best witness and that "there seem an awful lot of holes Plaintiff's counsel can poke their way through." Meachem also informed Gardner that the Building had been sold in April 2016 to Rock Ridge Business Center, LLC.

36. On June 30, 2017 the Gardner Defendants served an overdue response to Ferris's First Set of Requests for Production to Defendant

37. On June 30, 2017, Gardner told Ferris' Counsel that he feared much if not all of the evidence requested had been destroyed by NEMA, without any knowledge of the status of the Building's or NEMA's records.

38. The Gardner Defendants never issued a subpoena to Rock Ridge, the new owner of Building for the building's files or records.

39. On July 7, 2017, Dr. Kabins' office informed the Gardner Defendants that Dr. Kabins would need an extension of the rebuttal expert disclosure deadline in light of receiving the documents only one week prior to the rebuttal expert disclosure deadline. Dr. Kabins's office also informed the Gardner Defendants that Dr. Kabins would need another two weeks to complete a records review, that they had not heard from the Gardner Defendants about the IME, that their next available IME date was July 19, 2017, and that if they were to do an IME they would need more time beyond the two weeks needed for records review.

40. On July 12, 2017, Gardner filed a Notice vacating Ferris' IME, with the Notice stating that the IME "will be reschedule for a future date and time."

41. Gardner did not review Ferris' July 14, 2017 supplemental disclosure until July 24, 2017, after the Offer of Judgment had expired.

42. Before the Offer of Judgment expired, the Gardner Defendants did not inform Plaintiffs that NEMA would not be disclosing any expert witnesses, that an IME of Ferris had not been and would not be performed, that NEMA's consulting safety expert, American Bio Engineers, had advised Gardner that NEMA "likely fell below [the] standard" of care, or that on July 14, 2017, Ferris served a supplemental disclosure, listing her medical expenses at $341,296.99 and her loss of income at $481,805 to $483,667.

43. Gardner recommended that Plaintiffs and NEMA *not* accept the Offer because Gardner did not think the matter was worth $1 million. The Gardner Defendants did

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

not recommend that Plaintiffs or NEMA accept the Offer of Judgment before it expired.

44. The Gardner Defendants did not communicate any acceptance of the Offer of Judgment to Ferris.

45. The Gardner Defendants did not receive or send any written confirmation of any extension of the rebuttal expert disclosure deadline, nor was a stipulation or motion to extend the rebuttal expert disclosure deadline filed in the Ferris Action.

46. On August 23-24, 2017, Ferris filed several motions, including: a Motion for Protective Order Prohibiting Deposition of Daniel Dominguez, a Motion to Compel Discovery Responses from NEMA, and a Motion to Strike Defendant's Answer, or for Adjudication as to Liability, or in the Alternative, for Rebuttable Presumption Due to Defendant's Spoliation of Evidence. The Gardner Defendants did not oppose the Motion to Compel or the Protective Order.

47. On September 13, 2017, Gardner informed Plaintiffs that Ferris' expert, Jennings would be precluded from testifying at trial.

48. On September 15, 2017, the Discovery Commissioner granted Ferris' Motion to Compel and recommended that NEMA be required to supplement its written discovery responses. In addition, the Discovery Commissioner recommended that Jennings be allowed to supplement his expert report and granted NEMA until October 31, 2017 to depose him. The District Court adopted the Discovery Commissioner's report and recommendation in full.

49. The Gardner Defendants did not advise Plaintiffs of the Discovery Commissioner's September 15, 2017 decision, or the District Court's adoption of that decision.

50. Although the Court ordered, on September 27, 2017, that NEMA was entitled to depose Jennings regarding his supplemental report by October 31, 2017, the Gardner Defendants never deposed Jennings.

51. On October 4, 2017, Gardner filed an Opposition to Ferris' Motion to Strike, and argued that there was no evidence suggesting that NEMA destroyed potentially relevant records. Gardner did not assert or disclose that NEMA's records for the building were not in its possession, custody or control because they remained on the property after its sale.

52. In ruling on the Motion to Strike, the Court found sufficient facts to give rise to a jury instruction for spoliation of evidence against NEMA.

53. On October 13, 2017, Gardner filed a Motion to Strike Ferris' expert, Thomas Jennings, based on Jennings' failure to conduct a site inspection.

54. On November 17, 2017, at the hearing on NEMA's the Motion to Strike Jennings, the Discovery Commissioner suggested that the parties prepare an NRCP 34 inspection and attend the site together. NEMA's Motion to Strike was denied.

55. The Gardner Defendants never noticed a site inspection in the Ferris Action.

56. After learning that Michael White would be unavailable for trial the week of January 11, 2018, the Gardner Defendants did not request that the Court move the trial to a later week in order to ensure that: (i) Mr. White could testify at trial; and (ii) that a company representative would present for NEMA throughout the duration of the trial.

57. There is no evidence in the record indicating that Gardner asked to continue the trial on January 11, 2018 to allow NEMA to pay the court reporter, nor is there any evidence in the record indicating that Gardner fronted the deposit to the court reporter as requested by Plaintiffs.

58. On January 16, 2018, three days into the trial, Gardner informed Plaintiffs that he received a check from Plaintiffs for a court reporter.

59. There is no evidence in the record indicating that Gardner provided the check sent by the Insurer to the court reporter or that he requested that the remainder of the trial be recorded.

60. The Gardner Defendants did not request that someone from Plaintiffs attend trial on NEMA's behalf.

61. The Gardner Defendants did not submit a jury instruction in the Ferris Action instructing the jury that Ferris could not recover damages if her negligence contributed more to her injury than the negligence of NEMA, or that Ferris's recovery of damages should be reduced in proportion to her contributory negligence to the extent her contributory negligence was not greater than the negligence of NEMA.

62. The Gardner Defendants did not inform NEMA or Plaintiffs that the jury in the Ferris Action would not be instructed to consider Ferris's potential comparative negligence

63. According to the Court Minutes in the Ferris Action, on October 5, 2017, approximately three months before trial, at a status check, the Court informed the parties of the Department's trial procedures.

64. The trial was completed without a transcript ever being prepared.

65. On February 22, 2018 NEMA filed a Motion for New Trial. Although NEMA filed a Motion for New Trial, Ferris opposed the Motion, arguing that NEMA had failed to object to the introduction of a transcript of a previously undisclosed recorded

17

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

statements being offered into evidence, failed to rebut Ferris's evidence regarding spoliation of evidence, failed to show that the excessive damages award was unsupported and unjustified, and had failed to preserve the trial record for review. The Motion was denied.

66. During the course of the Ferris Action, Ignacio Nunez was an acting agent of Plaintiff in his capacity as claims handler on the *Ferris* file.

67. During the course of the Ferris Action, Plaintiffs had litigation and claims handling guidelines.

68. On or about July 16, 2018, ALPS adjuster Chris Fagan informed Plaintiffs' Counsel of "offer to resolve the matter with contribution from ALPS of $1.5m."

69. On or about July 24, 2018, ALPS adjuster Chris Fagan informed Plaintiffs' Counsel that "ALPS would be willing to split the settlement amount with claimant up to a contribution of $1.5M."

70. On or about July 31, 2018, ALPS adjuster Chris Fagan extended again the offer to "settle the case with a 50-50 split up to $3M total ($1.5M each)."

71. On August 9, 2018, ALPS adjuster Chris Fagan informed Plaintiffs' Counsel, John Johnson, Jr., that "ALPS remains willing to split the settlement amount with your clients up to $3M."

72. On and after August 15, 2018, ALPS have refused to contribute $1.5 million toward the $3 million settlement of the Ferris Action.

**V.**

**The following are the issues of fact to be tried and determined at trial.[1] [Each issue of fact must be stated separately and in specific terms.]**

**Plaintiffs' Issues of Fact**

1. Whether the Gardner Defendants used such skill, prudence, and diligence as lawyers of ordinary skill and capacity possess in exercising and performing the tasks which they undertake in the handling and defense of the Ferris Action, and in advising Plaintiffs in the Ferris Action

2. Whether the Gardner Defendants' failure to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity possess in exercising and performing the

---

[1] Should the attorneys or parties be unable to agree on the statement of issues of fact, the joint pretrial order should include separate statements of issues of facts to be tried and determined upon trial.

18

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

tasks which they undertake in the handling and defense of the Ferris Action caused Plaintiffs' damages

3. Whether the Gardner Defendants' failure to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity possess in exercising and performing the tasks which they undertake in advising Plaintiffs in the Ferris Action, proximately caused Plaintiffs' damages

4. Whether the Gardner Defendants owed Plaintiffs a duty to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity possess in exercising and performing the tasks which they undertake in the handling and defense of the Ferris Action, and in advising CNIC in the Ferris Action

5. Whether the Gardner Defendants breached their duty to Plaintiffs to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity possess in exercising and performing the tasks which they undertake in the handling and defense of the Ferris Action, and in advising CNIC in the Ferris Action

6. Whether the Gardner Defendants owed Plaintiffs a fiduciary duty with regard to the Gardner Defendants' handling of the Ferris Action.

7. Whether the Gardner Defendants breached any fiduciary duties owed to Plaintiffs with regard to the Gardner Defendants' handling of the Ferris Action.

8. Whether ALPS breached a contract between ALPS and Plaintiffs to contribute $1.5 million toward Plaintiffs' $3 million settlement of the Ferris Action.

9. Whether ALPS breached a covenant of good faith and fair dealing owed to Plaintiffs by refusing to contribute $1.5 million toward Plaintiffs' $3 million settlement of the Ferris Action.

10. Whether the Gardner Defendants competently and diligently represented NEMA and Plaintiffs in the Ferris Action

11. Whether the Gardner Defendants reasonably communicated with NEMA and Plaintiffs concerning the Ferris Action

12. Whether the Gardner Defendants took appropriate action upon learning of Gardner's impairment in order to protect the interests of NEMA and Plaintiffs in the Ferris Action

13. Whether the Gardner Defendants are responsible for the acts and omissions of its members related to their representation of NEMA and Plaintiffs in the Ferris Action

14. Whether any breaches committed by or failures of the Gardner Defendants proximately caused the Plaintiffs' alleged harm from the Ferris Action

19

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

15. Whether ALPS made representations to Plaintiffs that ALPS was willing to contribute $1.5 million toward a $3 million settlement of the Ferris Action with the knowledge or belief that the representation was false.

16. Whether ALPS knew that ALPS would require Plaintiffs to pay the first million of any settlement with Ferris before ALPS would contribute 50% of any amount above the first million, up to a total settlement amount of $3 million, at the time that ALPS made representations to Plaintiffs that ALPS was willing to contribute $1.5 million toward a $3 million settlement of the Ferris Action,.

17. Whether ALPS's representations to Plaintiffs that ALPS was willing to contribute $1.5 million toward a $3 million settlement was intended to induce Plaintiffs to settle the Ferris Action for $3 million.

18. Whether ALPS's representations to Plaintiffs that ALPS was willing to contribute $1.5 million toward a $3 million settlement induced Plaintiffs to settle the Ferris Action for $3 million.

19. Whether the Gardner Defendants' breaches of fiduciary duties owed to Plaintiffs with regard to the Gardner Defendants' handling of the Ferris Action, resulted in damages to Plaintiffs.

20. The extent of Plaintiffs' damages caused by the Gardner Defendants' Legal Malpractice.

21. The extent of Plaintiffs' damages caused by the Gardner Defendants' Breaches of Fiduciary Duty.

22. The extent of Plaintiffs' damages caused by Defendant ALPS's Breach of Contract and/or Fraud

23. Whether before commencing trial on January 11, 2018, Gardner confirmed on the record that NEMA did not want to have the trial recorded.

24. Whether, after confirming on the record that NEMA did not want to have the trial recorded, Gardner asked Plaintiffs to overnight a check to the court reporter

25. Whether at the time Gardner requested that Plaintiffs overnight a check for a court reporter, Gardner had already represented to the Court that NEMA did not want to have the trial recorded and/or that the parties wished to proceed with trial without a court reporter present.

20

26. Whether there is no evidence that there was any conflict of interest between NEMA and Plaintiffs during the Gardner Defendants' handling of the Ferris Action.

## Gardner Defendants Issues of Fact

1.  Whether Ignacio Nunez was obligated to abide by the Precision Risk Management, Inc. Litigation Guidelines.

2.  Whether Ignacio Nunez abided by the Precision Risk Management, Inc. Litigation Guidelines.

3.  Whether Ignacio Nunez's management of the Ferris claim was negligent.

4.  Whether Ignacio Nunez's conduct contributed to Plaintiff's damages.

5.  Whether Plaintiff's management and/or monitoring of the Ferris claim was negligent.

6.  Whether Plaintiff's management and/or monitoring of the Ferris trial was negligent.

7.  Whether Plaintiff negligently failed to avail themselves to opportunities to settle the Ferris matter prior to the conclusion of the Ferris trial.

8.  Whether Plaintiff failed to mitigate their damages.

## Defendant ALPS Issues of Fact

1.  Whether Plaintiff can show by a preponderance of the evidence that there was a meeting of the minds to form the necessary and essential terms of a contract between Plaintiff and Defendant ALPS prior to the settlement conference held on August 15, 2018.

2.  Whether Plaintiff can prove by a preponderance of the evidence that it accepted an offer from Defendant ALPS prior to the settlement conference held on August 15, 2018.

3.  Whether Defendant ALPS withdrew an offer made to Plaintiff prior to any acceptance by Plaintiff.

4.  Whether Plaintiff had rejected any offer from Defendant ALPS prior to entering into an agreement to settle with David Churchill (counsel for Ferris).

5.  Whether Plaintiff had made an offer to settle with David Churchill (counsel for Ferris) along with an assignment of a malpractice claim against Defendant Gardner during the settlement conference.

6.  Whether Plaintiff can prove by a preponderance of the evidence that Plaintiff and Defendant ALPS entered into a written contract to jointly pay the settlement of the case to pay the judgment debt owed by Defendant Gardner.

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

7. Whether Plaintiff can prove by a preponderance of the evidence that there was a special relationship of reliance between Plaintiff and Defendant ALPS.

8. Whether Plaintiff can prove by a preponderance of the evidence that ALPS materially breached any enforceable contract with Plaintiff in bad faith.

9. Whether Plaintiff can prove by clear and convincing evidence that Defendant ALPS made a false representation to Plaintiff prior to the settlement conference of August 15, 2018.

10. Whether Plaintiff can prove by clear and convincing evidence that ALPS believed that it made a false representation to Plaintiff.

11. Whether Plaintiff can prove by clear and convincing evidence that Defendant ALPS intended to induce Plaintiff to act upon the false representation.

12. Whether Plaintiff can prove by clear and convincing evidence that Plaintiff relied upon a false representation by Defendant ALPS that proximately caused damages to Plaintiff.

13. Whether Plaintiff's decision to settle the case at the settlement conference was an intervening cause breaking the chain of causation to Plaintiff's claims against Defendant ALPS.

14. Whether Plaintiff breached a duty to settle within policy limits with Ferris in the underlying case prior to entry of the judgment against Plaintiff's insured.

15. Whether Plaintiff is contractually obligated to pay the first $1 million on the settlement amount owed to Ferris per the contract with its insured.

## VI.

The following are the issues of law to be tried and determined at trial.[2] [Each issue of law must be stated separately and in specific terms.]

**Plaintiffs Issues of Law**

1. Whether ALPS's representations to Plaintiffs and Plaintiffs' counsel were sufficient to form a valid contract.

2. Whether ALPS's Claim Action Summary is admissible at trial.

---

[2] Should the attorneys or parties be unable to agree on the statement of issues of law, the joint pretrial order should include separate statements of issues of facts to be tried and determined upon trial.

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

3. Whether evidence regarding communications that occurred by or between any of the Parties and/or non-parties (including David Churchill, John Johnson, Chris Fagan, and Lin Lan) during the course of the August 15, 2018 mediation is admissible at trial or must be excluded pursuant to mediation privileges.

**Gardner Defendants Issues of Law**

1. Whether the Court should bifurcate the case, separate Plaintiff's claims against ALPS to try Plaintiff's claims against it first, followed by trial if necessary against the Gardner Defendants pursuant to Federal Rule of Civil Procedure 42(b).

2. Whether Plaintiff's claim for monetary damages is too speculative to be admissible at trial.

3. Whether Gardner Defendants are entitled to judgment as a matter of law at the close of Plaintiff's case and/or at the close of evidence.

4. Whether Plaintiffs can recover twice for the same damages from both ALPS and Gardner Defendants.

**Defendant ALPS Issues of Law**

1. Whether the Court should bifurcate the case and separate Plaintiff's claims against ALPS to try Plaintiff's claims against Defendant Gardner pursuant to Federal Rule of Civil Procedure 42(b).

2. Whether Plaintiff's claim for monetary damages is too speculative to be admissible at trial.

3. Whether Defendant ALPS is entitled to judgment as a matter of law at the close of Plaintiff's case and/or at the close of evidence.

4. Whether any alleged contract to settle the debt of Defendant Gardner satisfies the requirements of NRS 111.220 (Statute of Frauds).

## VII.

**(a) The following exhibits are stipulated into evidence in this case and may be so marked by the clerk:**

(1) Plaintiffs' exhibits: See Joint Exhibit List, attached hereto. Plaintiffs reserve the right to object to the admissibility of exhibits or portions of exhibits identified on the list to the extent any exhibits or portions of any exhibit may be determined to contain inadmissible evidence.

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

(2)     Gardner Defendants' exhibits: See Joint Exhibit List, attached hereto.

(3)     Defendant ALPS' exhibits

Defendant ALPS reserves the right to use the following exhibits during the trial but are making no offer to admit them pretrial and reserve the right to object to Plaintiffs' use of any of Defendants' exhibits. Furthermore, Plaintiffs object to introduction of Exhibits 507-508, 510, 514-516.

501.    Correspondence from John Johnson, Esq. to Chris Fagan, Esq. dated June 21, 2018, bate stamped ALPS000001-2.

502.    Correspondence from Chris Fagan, Esq. to John Johnson, Esq. dated June 27, 2018, bate stamped ALPS000003-5.

503.    Correspondence from Chris Fagan, Esq. to John Johnson, Esq. dated July 16, 2018, bate stamped ALPS000006-10.

504.    Correspondence from John Johnson, Esq. to Chris Fagan, Esq. dated July 16, 2018, bate stamped ALPS000011-17.

505.    Correspondence from John Johnson, Esq. to Chris Fagan, Esq. dated July 24, 2018, bate stamped ALPS000018-19.

506.    Correspondence from Chris Fagan, Esq. to John Johnson, Esq. dated July 31, 2018, bate stamped ALPS000020-21.

507.    Correspondence from Chris Fagan, Esq. to John Johnson, Esq. dated August 9, 2018, bate stamped ALPS000022-24.

508.    Correspondence from Chris Fagan, Esq. to John Johnson, Esq. dated August 15, 2018, bate stamped ALPS000025-27.

509.    Insurance Declaration Sheet previously produced on 2-12-19 bate stamped as ALPS000028.

510.    ALPS Phone Records 8-14-18 to 8-15-18 previously produced on 4-11-19, bate stamped as ALPS000029-52.

511.    Emails to Johnson previously produced on 5-10-19, bate stamped as ALPS000053-314.

512.    Emails to Gardner and his firm previously produced on 5-10-19 bate stamped as ALPS000315-379.

513.    Internal Emails previously produced on 5-10-19, bate stamped as ALPS000380-408.

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

514.   Verizon Records for 714-397-4123 bate stamped ALPS000409-413.

515.   Claim Notes (Redacted) bate stamped ALPS000414-428
with Privilege Log.

516.   David Churchill text to his secretary re: reaching settlement on 08/15/18 bate
stamped ALPS000429.

517.   Correspondence from John Johnson, Esq. to Chris Fagan, Esq.
dated April 18, 2018.

**(b) As to the following exhibits, the party against whom the same will be offered
objects to their admission on the grounds stated:**

     (1)   Set forth plaintiff's exhibits and objections to them.

Defendant ALPS objects to Plaintiffs' exhibits as follows. All objections are made based
upon the assumption that all claims will be tried together in one trial and improper and
prejudicial use of evidence in consideration of the claims against Defendant Gardner. ALPS
reserves the right to use all exhibits identified by Plaintiff and Defendant Gardner regardless of
objections set forth below.

317.   Objections:  Irrelevant, Unduly Prejudicial, Hearsay, Cumulative and Probative
Value outweighed by confusion and waste of time

318.   Objections:  Does Not Constitute Evidence, Irrelevant, Unduly Prejudicial,
Hearsay, Lacks Foundation and Authenticity, Probative Value outweighed by confusion and
waste of time

319.   Objections:  Irrelevant, Unduly Prejudicial, Lacks Foundation, Hearsay,
Cumulative and Probative Value outweighed by confusion and waste of time

320.   Objections:  Irrelevant, Unduly Prejudicial, Lacks Foundation and Authenticity,
Probative Value outweighed by confusion and waste of time

321.   Objections:  Irrelevant, Unduly Prejudicial, Lacks Foundation and Authenticity,
Probative Value outweighed by confusion and waste of time

322.   Objections:  Irrelevant, Unduly Prejudicial, Lacks Foundation, Hearsay,
Cumulative and Probative Value outweighed by confusion and waste of time

323.   Objections:  Irrelevant, Unduly Prejudicial, Lacks Foundation, Hearsay,
Cumulative and Probative Value outweighed by confusion and waste of time

324.   Objections:  Irrelevant, Unduly Prejudicial, Lacks Foundation and Authenticity,
Hearsay, Cumulative and Probative Value outweighed by confusion and waste of time

325.    Objections:  Irrelevant, Unduly Prejudicial, Lacks Foundation and Authenticity, Hearsay, Cumulative and Probative Value outweighed by confusion and waste of time

326.    Objections:  Irrelevant, Unduly Prejudicial, Lacks Foundation and Authenticity, Hearsay, Cumulative and Probative Value outweighed by confusion and waste of time

327.    Objections:  Irrelevant, Unduly Prejudicial, Lacks Foundation and Authenticity, Hearsay, Cumulative and Probative Value outweighed by confusion and waste of time

328.    Objections:  Irrelevant, Unduly Prejudicial, Hearsay, Cumulative and Probative Value outweighed by confusion and waste of time

330.    Objection:  Probative value outweighed by unfair prejudice

331.    Objection:  Probative value outweighed by unfair prejudice

332.    Objection:  Probative value outweighed by unfair prejudice

333.    Objection:  Probative value outweighed by unfair prejudice

334.    Objection:  Probative value outweighed by unfair prejudice

335.    Objection:  Probative value outweighed by unfair prejudice

336.    Objection:  Probative value outweighed by unfair prejudice

337.    Objection:  Probative value outweighed by unfair prejudice

338.    Objection:  Probative value outweighed by unfair prejudice

339.    Objection:  Probative value outweighed by unfair prejudice

340.    Objection:  Probative value outweighed by unfair prejudice

341.    Objection:  Probative value outweighed by unfair prejudice

342.    Objection:  Probative value outweighed by unfair prejudice

343.    Objection:  Probative value outweighed by unfair prejudice

344.    Objection:  Probative value outweighed by unfair prejudice

345.    Objection:  Probative value outweighed by unfair prejudice

346.    Objections:  Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice

347.    Objection:  Probative value outweighed by unfair prejudice

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

348.    Objection:  Probative value outweighed by unfair prejudice

350.    Objection:  Probative value outweighed by unfair prejudice

351.    Objection:  Probative value outweighed by unfair prejudice

352.    Objection:  Probative value outweighed by unfair prejudice

353.    Objections:  Irrelevant, Unduly Prejudicial, Lacks Foundation and Authenticity, Hearsay

354.    Objection:  Probative value outweighed by unfair prejudice

355.    Objection:  Probative value outweighed by unfair prejudice, Hearsay, Irrelevant

356.    Objections:  Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice

357.    Objections:  Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice

358.    Objection:  Probative value outweighed by unfair prejudice

359.    Objection:  Probative value outweighed by unfair prejudice

360.    Objection:  Probative value outweighed by unfair prejudice

361.    Objection:  Probative value outweighed by unfair prejudice

362.    Objection:  Probative value outweighed by unfair prejudice

363.    Objection:  Probative value outweighed by unfair prejudice

364.    Objection:  Probative value outweighed by unfair prejudice

366.    Objection:  Probative value outweighed by unfair prejudice

367.    Objection:  Probative value outweighed by unfair prejudice

368.    Objections:  Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice

369.    Objections:  Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice

370.    Objection:  Probative value outweighed by unfair prejudice

372.    Objection:  Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice, confidential communication

376.    Objections. Court ordered privileged and inadmissible (law of the case), Work Product, Attorney-Client Privileged, Hearsay, Probative value outweighed by unfair prejudice

377.    Objection:  Probative value outweighed by unfair prejudice

378.    Objection:  Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice, confidential communication

379.    Objections. Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice and cumulative evidence

380.    Objections. Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice and cumulative evidence

381.    Objections. Attorney-client communication,  Probative value outweighed by unfair prejudice and cumulative evidence

382.    Objections:  Probative value outweighed by unfair prejudice and cumulative

383.    Objections. Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice and cumulative evidence

384.    Objections. Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice

385.    Objections. Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice and cumulative evidence

386.    Objections. Irrelevant, Lack of Foundation, Hearsay, Probative value substantially outweighed by unfair prejudice and confusion to the trier of fact

387.    Objection:  Probative value outweighed by unfair prejudice

388.    Objections. Irrelevant, Lack of Foundation, Hearsay, Probative value substantially outweighed by unfair prejudice and confusion to the trier of fact

390.    Objections. Irrelevant, Lack of Foundation, Hearsay, Probative value substantially outweighed by unfair prejudice and confusion to the trier of fact

391.    Objections. Irrelevant, Lack of Foundation, Hearsay, Probative value substantially outweighed by unfair prejudice and confusion to the trier of fact

392.    Objections. Irrelevant, Lack of Foundation, Hearsay, Probative value substantially outweighed by unfair prejudice and confusion to the trier of fact

28

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

393.   Objections. Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice and cumulative evidence

394.   Objections. Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice and cumulative evidence

395.   Objections. Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice

396.   Objection:  Probative value outweighed by unfair prejudice

399.   Objections:  Irrelevant and cumulative

400.   Objections. Lack of Foundation, Hearsay, Probative value outweighed by unfair prejudice

401.   Objection:  Probative value outweighed by unfair prejudice

404.   Objections. Lack of Foundation, Hearsay, Incomplete Evidence, Probative value outweighed by unfair prejudice

405.   Objection:  Probative value outweighed by unfair prejudice

406.   Objection:  Probative value outweighed by unfair prejudice

407.   Objection:  Probative value outweighed by unfair prejudice

408.   Objection:  Probative value outweighed by unfair prejudice

409.   Objection:  Probative value outweighed by unfair prejudice

410.   Objections. Lack of Foundation and Authenticity, Speculation, Hearsay, Irrelevant, Probative value substantially outweighed by unfair prejudice and confusion, Failure to Properly and Timely Disclose for Purposes of Damage Claim

411.   Objections:  Does Not Constitute Evidence, Irrelevant, Unduly Prejudicial, Hearsay, Lacks Foundation, Probative Value outweighed by confusion and waste of time

412.   Objections:  Does Not Constitute Evidence, Irrelevant, Unduly Prejudicial, Hearsay, Lacks Foundation, Probative Value outweighed by confusion and waste of time

413.   Objections:  Does Not Constitute Evidence, Irrelevant, Unduly Prejudicial, Hearsay, Lacks Foundation, Probative Value outweighed by confusion and waste of time

414.   Objections:  Does Not Constitute Evidence, Irrelevant, Unduly Prejudicial, Hearsay, Lacks Foundation, Probative Value outweighed by confusion and waste of time

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

29

415.    Objections:  Does Not Constitute Evidence, Irrelevant, Unduly Prejudicial, Hearsay, Lacks Foundation, Probative Value outweighed by confusion and waste of time

416.    Objections:  Does Not Constitute Evidence, Irrelevant, Unduly Prejudicial, Hearsay, Lacks Foundation, Probative Value outweighed by confusion and waste of time

417.    Objections:  Does Not Constitute Evidence, Irrelevant, Unduly Prejudicial, Hearsay, Lacks Foundation, Probative Value outweighed by confusion and waste of time

(2)    Set forth Gardner Defendants' exhibits and objections to them.

(3)    Set forth Defendant ALPS' exhibits and objections to them.

Plaintiffs object to the following ALPS' exhibits:

507.    Objection to portion of exhibit: Correspondence from Chris Fagan, Esq. to John Johnson, Esq. dated August 15, 2018, bate stamped ALPS000022. This exhibit and certain information contained therein lack foundation, lack authentication, and is inadmissible hearsay. This exhibit is further inadmissible to the extent it is used to establish a statement or representation during mediation and/or otherwise violates NRS 48.109(2) regarding admissions, representations or statements made during mediation and/or FRE 408.

508.    Correspondence from Chris Fagan, Esq. to John Johnson, Esq. dated August 15, 2018, bate stamped ALPS000025-27. This exhibit and the information contained therein lack foundation, lack authentication, and is inadmissible hearsay. This exhibit is  further inadmissible to the extent it is used to establish a statement or representation during mediation and/or otherwise violates NRS 48.109(2) regarding admissions, representations or statements made during mediation and/or FRE 408.

510.    ALPS Phone Records 8-14-18 to 8-15-18 previously produced on 4-11-19, bate stamped as ALPS000029-52. This exhibit and the information contained therein lack foundation, lack authentication, and is inadmissible hearsay. This exhibit is further inadmissible to the extent it is used to establish a statement or representation during mediation and/or otherwise violates NRS 48.109(2) regarding admissions, representations or statements made during mediation and/or FRE 408.

514.    Verizon Records for 714-397-4123 bate stamped ALPS000409-413. This exhibit and the information contained therein lack foundation, lack authentication, and is inadmissible hearsay. This exhibit is  further inadmissible to the extent it is used to establish a statement or representation during mediation and/or otherwise violates NRS 48.109(2) regarding admissions, representations or statements made during mediation and/or FRE 408.

515.    Portion of Claim Note (Redacted) bate stamped ALPS000414, dated 8/15/2018. The information contained therein lacks foundation, lacks authentication, and is

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

inadmissible hearsay. The information contained on this exhibit is further inadmissible to the extent it is used to establish a statement or representation during mediation and/or otherwise violates NRS 48.109(2) regarding admissions, representations or statements made during mediation and/or FRE 408.

516.  David Churchill text to his secretary re: reaching settlement on 08/15/18 bate stamped ALPS000429. This exhibit and the information contained therein lack foundation, lack authentication, and is inadmissible hearsay.
This exhibit is further inadmissible to the extent it is used to establish a statement or representation during mediation and/or otherwise violates NRS 48.109(2) regarding admissions, representations or statements made during mediation and/or FRE 408.

**(c) Electronic evidence: [State whether the parties intend to present electronic evidence for purposes of jury deliberations.]**

Yes.

**(d) Depositions:**
   (1) Plaintiffs will offer the following depositions: [Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against whom offered.]

Plaintiffs do not expect to read any deposition testimony in lieu of calling a live witness to the stand except for purposes of impeachment and refreshing. Should any witness be unavailable for trial, Plaintiffs reserve the right to use any of the depositions taken in this case at trial for any purposes permitted by the Federal Rules of Civil Procedure, including but not limited to the following testimony cited:

   a.  Justin Brink: 6:8-21; 9:15-23; 10:10-24; 15:22-16:1; 16:9-25 (Gardner)

   b.  Christopher Fagan: 5:15-19, 7:3-8:23; 8:3-23; 18:16-25; 44:14-45:12; 59:8-60:7; 61:22-63:10; 65:7-19; 66:1-8; 71:2-72:1; 74:14-75:22; 76:1-5 (ALPS)

   c.  Antoinette Ferris: GAR000360:4-9; 000372:4-000373:14; 000383:6-384:24; 000395:3-17; 000430:9-25; 000432:3-25; 000439:20-440:24 (Gardner)

   d.  Douglas Gardner: 18:7-23:18; 154:3-155:12; 169:1-171:11 (Gardner/ALPS)

   e.  John Johnson: 5:3-7:5; 8:13-9:4, 14:3-25; 19:1-11, 33:5-35:8; 37:22-38:10; 65:11-19; 71:18-72:4 (ALPS)

   f.  Lin Lan: 39:5-17; 45:24-46:18; 55:9-56:6; 61:23-62:24 (ALPS)

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

g. Sharon McNair: 14:22-15:25; 20:10-18; 21:20-24; 26:16-27:25; 33:2-6; 53:19-54:11 (Gardner)

h. Jennifer Meachem: 12:22-13:21; 15:11-20; 21:8-16; 21:24-22:7; 26:14-18; 27:19-25; 28:5-25; 29:13-20; 36:6-16; 37:5-18; 62:3-10; 86:2-13; 89:17-90:16; 95:14-18; 101:19-103:4 (Gardner)

i. Mike Palar: 4:16-21; 9:1-18; 12:2-20:7; 21:19-22:11; 24:8-25:11; 26:10-32:9; 35:2-40:11; 41:9-45:6; 46:10-23; 52:18-24; 65:3-67:6; 68:23-69:13 (Gardner)

(2) Gardner Defendants will offer the following depositions: [Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against whom offered.]

Gardner Defendants do not expect to read any deposition testimony at this time in lieu of calling a live witness to the stand except for purposes of impeachment and refreshing. Gardner Defendants reserve the right to object to the admission of any deposition testimony offered by Plaintiffs at this time because no party has indicated that any witness will be unavailable for trial necessitating the need for the read-in use of any deposition testimony. Should any witness be unavailable for trial, Defendants reserve the right to use any of the depositions taken in this case at trial for any purposes permitted by the Federal Rules of Civil Procedure.

1. David Churchill
2. Douglas Gardner
3. Lin Lan
4. Sharon McNair
5. Jennifer Meachum
6. Ignacio Nunez
7. Brett South
8. Doug Rands

(3) Defendant ALPS will offer the following depositions: [Indicate name of deponent and identify portions to be offered by pages and lines and the party or parties against whom offered.]

Defendant ALPS does not expect to read any deposition testimony at this time in lieu of calling a live witness to the stand except for purposes of impeachment and refreshing. Should any witness be unavailable for trial, Defendant reserves the right to use any of the depositions taken in this case at trial for any purposes permitted by the Federal Rules of Civil Procedure.

1. David Churchill
2. Chris Fagen
3. Douglas Gardner
4. John Johnson
5. Lin Lan
6. Sharon McNair

32

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

7. Jennifer Meachum
8. Ignacio Nunez

**(e) Objections to Depositions:**

(1) Gardner Defendants object to Plaintiffs' depositions as follows:

(2) Defendant ALPS objects to Plaintiffs' depositions as follows:

ALPS reserves the right to object to the admission of any deposition testimony offered by Plaintiffs at this time. No party has indicated that any witness will be unavailable for trial necessitating the need for the read-in use of any deposition testimony.

(3) Plaintiffs objects to Defendants' depositions as follows:

Should any Defendant introduce or use any deposition testimony at trial, Plaintiffs reserve the right to object to any such testimony introduced, whether on the basis of objections previously asserted or otherwise. Further, Plaintiffs reserve the right to object to any deposition testimony that discloses communications or actions by or between any parties or persons that occurred during the course of the August 15, 2018 settlement conference, insofar as such communications or actions are privileged, pursuant to NRS 48.109(2), attorney-client privilege, privacy laws, or other applicable privileges.

**VIII.**

The following witnesses may be called by the parties at trial:

(a) Provide names and addresses of Plaintiffs' witnesses.

CLAIMS vs. GARDNER DEFENDANTS

1. Douglas J. Gardner by and through the attorneys of record for Mr. Gardner, and David A. Clark, Esq. of Lipson Neilson, P.C.

2. Jennifer L. Meacham, address unknown, but believed contact should be made through David A. Clark of Lipson Neilson, P.C.

3. David J. Churchill, Esq., Injury Lawyers of Nevada, 6900 Westcliffe Drive, Suite 707, Las Vegas, Nevada 89145

4. Douglas R. Rands, Esq., 9498 Double R Boulevard, Suite A, Reno, NV 89521.

5. Brett K. South, Esq., 9498 Double R Boulevard, Suite A, Reno, Nevada 89521.

6. Gilbert Hernandez, Esq., Cozen & O'Connor, 457 Haddonfield Road, Suite 300, PO Box 5459, Cherry Hill, NJ  08002.

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

7. Antoinette Ferris c/o David J. Churchill and Julie K. Smith 6900 Westcliffe Drive, Suite 707, Las Vegas, Nevada 89145

8. Mike Palar, address unknown.  Last known phone:  805-300-1579.

9. Daniel Dominguez, 8020 Revolver Avenue, Las Vegas, Nevada 89131

10. Michael White, address unknown, last known phone number 805-701-7200

11. Michael Ferris, c/o David J. Churchill, Esq. Injury Lawyers of Nevada 6900 Westcliffe Drive, Suite 707, Las Vegas, Nevada 89145

12. Vincent Panko, Protocol Insurance Services, c/o Counsel for Plaintiffs.

13. Ignacio Nunez, 122 N Frijo Ave, West Covina, CA 91790

14. Lin Lan, c/o Counsel for Plaintiffs.

15. Ben Feldman, Rockridge Business Center LLC, 1500 E. Tropicana Ave., Las Vegas, NV 89119

16. Justin R. Brink, MBSE, 6905 W. Charleston Boulevard, Suite 110, Las Vegas, Nevada, 89117.

17. Sharon J. McNair, CPA, 4955 S. Durango Drive, Suite 207, Las Vegas, Nevada 89113.

18. Ronald G. Kong, M.D., 501 S. Rancho Drive, Suite A-5, Las Vegas, Nevada 89106.

19. Sofronio Soriano, Jr., M.D., 501 S. Ranch Dr., Las Vegas, NV 89106

20. Joseph J. Schifini, M.D., 600 S Tonopah Dr. #240, Las Vegas, NV 89106

21. Alan Schwartz, D.O., Concentra Medical Centers, 5850 S. Polaris Avenue, Suite 100, Las Vegas, Nevada 89118.

22. Hugh Bassewitz, M.D., Desert Orthopedic Center, 2800 E. Desert Inn Road, Suite 100, Las Vegas, Nevada 89121.

23. G. Michael Elkanich, M.D., 2020 Palomino Lane, Suite 200, Las Vegas, Nevada 89106.

24. Firooz Mashhood, M.D., 734 E. Sahara Avenue, Las Vegas, Nevada 89104.

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

25. Leo Germin, M.D., 7751 W. Flamingo Road, Suite A-100, Las Vegas, NV 89012.

26. Bart Taylor, P.T., 7301 Peak Drive, Suite 150, Las Vegas, Nevada 89128

27. Linda M. Thornburg, M.S., P.O. Box 9420, Pahrump, Nevada 89060.

28. Terrance M. Clauretie, Ph.D., 217 Palmetto Point Drive, Henderson, Nevada 89010, Phone: 702-813-9383.

29. Thomas J. Jennings, 355 W. Mesquite Boulevard, #D-30, PMB 1-111, Mesquite, Nevada 89027, Phone: 702-613-5076.

30. Mark Kabins, M.D., 501 S. Rancho Dr., Suite I-67, Las Vegas, NV 89106

31. Jeffrey D. Gross, M.D., 4700 Von Karman, Suite 1000, Newport Beach, CA 92660

32. Dawn Cook, RN, CNLCP, CLCP, 1001 E. Sunset Rd. #97553, Las Vegas, NV 89193-7553. (702) 544-2159

33. Benjamin J. Ewers, Ph.D., P.E., 1917 Oak Park Blvd., Pleasant Hill, CA 94523. (415) 398-3018

34. Jason E. Garber, M.D., 3012 South Durango, Las Vegas, NV 89117. (702) 835-0088

35. Steven E. Hake, M.D., 1533 Via Della Scala St., Henderson, NV 89052. (858) 500-6543

36. Dennis L. Kennedy, Esq., 8984 Spanish Ridge Ave., Las Vegas, NV 89148-1302. (702) 562-8820

37. Kevin B. Kirkendall, MBA, CPA-CGMA, CFE, 1522 West Warm Springs Rd., Henderson, NV 89014. (702) 313-1560

38. William C. Reeves, Esq., 600 S. Tonopah Dr., Ste. 300, Las Vegas, NV 89106. (702) 699-7822

39. Ricky A. Sarkisian, Ph.D., 545 East Alluvial Ave., Ste. 116, Fresno, CA 93720-2826. (559) 439-8000

40. Peter J. Zande, C.S.P., 22091 Forest Rim Circle, Lake Forest, CA 92630. (949) 859-0409

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

CLAIMS v. DEFENDANT ALPS

1. Douglas J. Gardner by and through the attorneys of record for Mr. Gardner, and David A. Clark, Esq. of LIPSON NEILSON P.C.

2. David J. Churchill, Esq., Injury Lawyers of Nevada, 6900 Westcliffe Drive, Suite 707, Las Vegas, Nevada 89145

3. Lin Lan, c/o Counsel for Plaintiff.

4. Douglas R. Rands, Esq., 9498 Double R Boulevard, Suite A, Reno, NV 89521.

5. Brett K. South, Esq., 9498 Double R Boulevard, Suite A, Reno, Nevada 89521.

6. Gilbert Hernandez, Esq., Cozen & O'Connor, 457 Haddonfield Road, Suite 300, PO Box 5459, Cherry Hill, NJ  08002.

7. John P. Johnson Esq., Cozen & O'Connor, 457 Haddonfield Road, Suite 300, PO Box 5459, Cherry Hill, NJ  08002.

8. Christopher Fagan, Esq., c/o Counsel for Defendant ALPS.

9. Rob Tameler, c/o Counsel for Defendant ALPS.

(b) Provide names and addresses of Gardner Defendants' witnesses.

1.　　Douglas J. Gardner, Esq.
c/o Lipson Neilson P.C.
9900 Covington Cross, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500

2.　　FRCP 30(b)(6) Representative(s)
Douglas J. Gardner, Ltd.
c/o Lipson Neilson P.C.
9900 Covington Cross, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500

3.　　FRCP 30(b)(6) Representative(s)
Rands & South, Ltd.
c/o Lipson Neilson P.C.
9900 Covington Cross, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500

4.　　FRCP 30(b)(6) Representative(s)

36

Alps Property & Casualty Insurance
c/o Olson, Cannon, Gormley, Angulo & Stoberski
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
(702) 384-4012

5.      FRCP 30(b)(6) Representative(s)
Century-National Insurance Company
c/o James P.C. Silvestri, Esq.
PYATT SILVESTRI
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
702-383-6000
-and-
c/o Marshall & Associates
26565 W. Agoura Road, Suite 200
Calabasas, California 91302
(818) 617-9337

6.      FRCP 30(b)(6) Representative(s)
Pacific Pioneer Insurance Group, Inc.
c/o James P.C. Silvestri, Esq.
PYATT SILVESTRI
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
702-383-6000
-and-
c/o Marshall & Associates
26565 W. Agoura Road, Suite 200
Calabasas, California 91302
(818) 617-9337

7.      FRCP 30(b)(6) Representative(s)
Pacific Pioneer Insurance Company
c/o James P.C. Silvestri, Esq.
PYATT SILVESTRI
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
702-383-6000
-and-
c/o Marshall & Associates
26565 W. Agoura Road, Suite 200
Calabasas, California 91302
(818) 617-9337

8.      FRCP 30(b)(6) Representative(s)
UCA General Insurance Services
c/o James P.C. Silvestri, Esq.

37

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

PYATT SILVESTRI
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
702-383-6000
-and-
c/o Marshall & Associates
26565 W. Agoura Road, Suite 200
Calabasas, California 91302
(818) 617-9337

9.    Antoinette Ferris
      c/o David J. Churchill and Julie K. Smith
      6900 Westcliffe Drive, Suite 707
      Las Vegas, Nevada 89145

10.   Ignacio Nunez
      122 N Frijo Ave,
      West Covina, CA 91790

11.   Lin Lan
      c/o Plaintiff's Counsel
      P.O. Box 628
      Cypress, CA 90630
      (714) 228-7900

12.   Jim Hirsch
      18126 Firestone Court,
      Fountain Valley, CA 92708

13.   Heidi Sanchez
      Precision Risk Management
      c/o Plaintiff's Counsel
      P.O. Box 628
      Cypress, CA 90630
      (714) 228-7900

14.   Mike Palar
      On-Site Manager
      Universal Capital Investments, LLC
      dba Nema Business Center, LLC
      1500 E. Tropicana Ave. #107[a]
      Las Vegas, NV 89119

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

15.   Michael White
      Universal Capital Investments, LLC
      dba Nema Business Center, LLC
      1500 E. Tropicana Ave. #107ª
      Las Vegas, NV 89119

16.   David J. Churchill
      Injury Lawyers of Nevada
      6900 Westcliff Dr., Ste. 707
      Las Vegas, NV 89145

17.   Vincent Panko
      Protocol Insurance Services
      c/o Plaintiff's Counsel
      2449 N. Tenaya Way
      Las Vegas, NV 89133

18.   Brett K. South, Esq.
      c/o Lipson Neilson P.C.
      9900 Covington Cross, Suite 120
      Las Vegas, Nevada 89144
      (702) 382-1500

19.   Douglas Rands, Esq.
      c/o Lipson Neilson P.C.
      9900 Covington Cross, Suite 120
      Las Vegas, Nevada 89144
      (702) 382-1500

(c) Provide names and addresses of Defendant ALPS' witnesses.

1.    Person Most Knowledgeable
      Century-National Insurance Company
      c/o James P.C. Silvestri, Esq.
      PYATT SILVESTRI
      701 Bridger Avenue, Suite 600
      Las Vegas, Nevada 89101
      and John A. Marshall, Esq.
      MARSHALL & ASSOCIATES
      26565 W. Agoura Rd., Ste. 200
      Calabasas, California 91302

2.    Person Most Knowledgeable
      Pacific Pioneer Insurance Group, Inc.
      c/o James P.C. Silvestri, Esq.
      PYATT SILVESTRI
      701 Bridger Avenue, Suite 600
      Las Vegas, Nevada 89101

39

and John A. Marshall, Esq.
MARSHALL & ASSOCIATES
26565 W. Agoura Rd., Ste. 200
Calabasas, California 91302

3.     Person Most Knowledgeable
       Pacific Pioneer Insurance Company
       c/o James P.C. Silvestri, Esq.
       PYATT SILVESTRI
       701 Bridger Avenue, Suite 600
       Las Vegas, Nevada 89101
       and John A. Marshall, Esq.
       MARSHALL & ASSOCIATES
       26565 W. Agoura Rd., Ste. 200
       Calabasas, California 91302

4.     Person Most Knowledgeable
       UCA General Insurance Services
       c/o James P.C. Silvestri, Esq.
       PYATT SILVESTRI
       701 Bridger Avenue, Suite 600
       Las Vegas, Nevada 89101
       and John A. Marshall, Esq.
       MARSHALL & ASSOCIATES
       26565 W. Agoura Rd., Ste. 200
       Calabasas, California 91302

5.     Chris Fagan, Esq.
       ALPS
       c/o James R. Olson, Esq.
       Thomas D. Dillard, Jr., Esq.
       Olson, Cannon, Gormley & Stoberski
       9950 West Cheyenne Avenue
       Las Vegas, NV 89129

6.     John Johnson, Esq.
       Cozen O'Connor
       457 Haddonfield Road, Suite 300
       Cherry Hill, NJ 08002-2220

7.     Mike McCullough
       c/o James R. Olson, Esq.
       Thomas D. Dillard, Jr., Esq.
       Olson, Cannon, Gormley & Stoberski
       9950 West Cheyenne Avenue
       Las Vegas, NV 89129

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

8.     Israel Kunin, Esq.
       Kunin Law Group
       10845 Griffith Peak Dr., Ste. 200
       Las Vegas, Nevada 89135

9.     Lin Lan
       c/o James P.C. Silvestri, Esq.
       PYATT SILVESTRI
       701 Bridger Avenue, Suite 600
       Las Vegas, Nevada 89101
       and John A. Marshall, Esq.
       MARSHALL & ASSOCIATES
       26565 W. Agoura Rd., Ste. 200
       Calabasas, California 91302

10.    David Churchill
       Injury Lawyers of Nevada
       6900 Westcliff Drive, Suite 707
       Las Vegas, NV 89145

11.    Rob Tameler
       c/o James R. Olson, Esq.
       Thomas D. Dillard, Jr., Esq.
       Olson, Cannon, Gormley & Stoberski
       9950 West Cheyenne Avenue
       Las Vegas, NV 89129

12.    Ignacio Nunez
       122 N Frijo Ave
       West Covina, CA 91790

13.    Douglas Gardner
       c/o Joseph P. Garin, Esq.
       David A. Clark, Esq.
       LIPSON, NEILSON, P.C.
       9900 Covington Cross Drive, Ste. 120
       Las Vegas, Nevada 89144

**IX.**

The attorneys or parties have met and jointly offer three (3) trial dates:

November 7, 2022     November 14, 2022     December 5, 2022

It is expressly understood by the undersigned that the court will set the trial of this matter on one (1) of the agreed-upon dates if possible; if not, the trial will be set at the convenience of the court's calendar.

**X.**

It is estimated that the trial herein will take a total of 10 days.

APPROVED AS TO FORM AND CONTENT:

/s/ *JAMES P.C. SILVESTRI*
Signature of Attorney for Plaintiffs

James P.C. Silvestri, Esq.
Nevada State Bar No. 3603
**PYATT SILVESTRI**
701 Bridger Avenue, Suite 600
Las Vegas, Nevada 89101
Telephone: 702-383-6000
Facsimile:  702-477-0088
jsilvestri@pyattsilvestri.com

/s/ *JOHN A. MARSHALL*
Signature of Attorney for Plaintiffs

John A. Marshall, Esq.
MARSHALL & ASSOCIATES
26565 W. Agoura Rd., Ste. 200
Calabasas, California 91302
P: 818-617-9337
F: 818-688-0673
john@marshallbusinesslaw.com
Attorneys for Plaintiffs

///

///

MARSHALL & ASSOCIATES
26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337

26565 West Agoura Road, Suite 200, Calabasas, CA 91302
Telephone: (818) 617-9337
MARSHALL & ASSOCIATES

/s/ *DAVID A. CLARK*
Signature of Attorney for Gardner Defendants

Joseph P. Garin, Esq.
David A. Clark, Esq.
LIPSON, NEILSON, P.C.
9900 Covington Cross Drive, Ste. 120
Las Vegas, Nevada 89144
P: 702-382-1500
F: 702-382-1512
jgarin@lipsonneilson.com
dclark@lipsonneilson.com
Attorneys for Douglas J. Gardner, Esq.,
Douglas J. Gardner, Ltd. and
Rands South, Ltd.


/s/ *JAMES R. OLSON*
Signature of Attorney for Defendant ALPS
JAMES R. OLSON, ESQ.

Nevada Bar No. 000116
THOMAS D. DILLARD, JR., ESQ.
Nevada Bar #006270
OLSON, CANNON, GORMLEY
& STOBERSKI
9950 West Cheyenne Avenue
Las Vegas, Nevada 89129
P: 702-384-4012
tdillard@ocgas.com
Attorneys for ALPS

## XI.

## ACTION BY THE COURT

This case is set for jury trial on the November 14, 2022, trial stack at 9:00 a.m.

The calendar call shall be held on November 8, 2022, at 9:00 a.m. in courtroom 6C.


DATED: <u>April 6, 2022</u>                  _____
                                   UNITED STATES DISTRICT JUDGE

# JOINT

# EXHIBIT LIST

Joint Exhibit List

| Exhibit No. | Description of Evidence Against Gardner Defendants | Objections Asserted |
|---|---|---|
| 001. | August 17, 2005 HealthCare Partners report, CNIC001345-1348 | |
| 002. | September 29, 2005 HealthCare Partners report, CNIC001342-1344 | |
| 003. | December 2, 2008 HealthCare Partners report, CNIC001339-1341 | |
| 004. | December 15, 2008 HealthCare Partners report, CNIC001331-1338 | |
| 005. | September 13, 2009 HealthCare Partners report, CNIC001328-1330 | |
| 006. | November 13, 2009 HealthCare Partners report, CNIC001324-1327 | |
| 007. | June 25, 2014-July 12, 2014 Concentra Medical Centers records, CNIC001415-1446 | |
| 008. | July 14, 2014 letter from Injury Lawyers of Nevada to CH Wong Insurance, CNIC000275 | |
| 009. | July 15, 2014 email from CH Wong Insurance to Raene O'Neil, CNIC000276 | |
| 010. | July 15, 2014 Injury/Property Damaged document, CNIC000277 | |
| 011. | July 15, 2014 General Liability Notice of Occurrence Claim, CNIC000278 | |
| 012. | July 15, 2014 Claims Activity & Diary, CNIC005947 | |
| 013. | July 16, 2014 DMCIS Policy: Master Info and Coverage Info, CNIC005939-5945 | |
| 014. | July 16, 2014 email from Jim Hirsch to Sharon Almeida, CNIC005946 | |
| 015. | July 17, 2014 letter from Precision Risk Management to Protocol, CNIC000273-274 | |
| 016. | July 18, 2014 letter from Protocol Insurance Services to Injury Lawyers of Nevada, CNIC000272 | |
| 017. | July 22, 2014 Transcript of Mike Palar Recorded Statement by Vincent Panko, GAR000001-7 | |
| 018. | July 22, 2014, Protocol Insurance Services Photokey Mounting Card, GAR000067-70 | |
| 019. | July 24, 2014 Desert Radiologists Medical Imaging Report, CNIC001488-1489 | |
| 020. | July 31, 2014- September 11, 2015 reports and records from Matt Smith Physical Therapy, CNIC001871-1976 | |

2

| 021. | August 1, 2014 letter from Protocol Insurance Services to Precision Risk Management, CNIC000266-267 | |
| 022. | August 20, 2014 Clerical Request, CNIC005952 | |
| 023. | August 21, 2014 ISO Claimsearch Match Report, CNIC005948-5951 | |
| 024. | September 8, 2014 letter from Protocol Insurance Services to Precision Risk Management, CNIC000265 | |
| 025. | September 18, 2014 email from Heid Sandez to Vincent Panko, CNIC000264 | |
| 026. | September 22, 2014 email from Vincent Panko to Heidi Sandez, CNIC000262-263 | |
| 027. | October 27, 2014 letter from Protocol Insurance Services to Precision Risk Management, CNIC000260 | |
| 028. | December 15, 2014 letter from Protocol Insurance Services to Precision Risk Management, CNIC000257 | |
| 029. | March 13, 2015 email from Vincent Panko to Heidi Sandez, CNIC000256 | |
| 030. | April 3, 2015 Desert Orthopaedic Center report, CINC001718-1721 | |
| 031. | May 5, 2015, G.M. Elkanich, MD report, CNIC001780-1798 | |
| 032. | May 28, 2015 Firooz Mashhood, MD report, CNIC001836-1839 | |
| 033. | June 30, 2015 letter from Protocol Insurance Services to Precision Risk Management, CNIC000255 | |
| 034. | July 16-30, 2015 Clinical Neurology Specialists reports, CNIC001842-1857 | |
| 035. | August 4, 2015, G.M. Elkanich, MD report, CNIC001799-1801 | |
| 036. | August 18, 2015 letter from Protocol Insurance Services to Precision Risk Management, CNIC000254 | |
| 037. | September 22, 2015 Work Restriction from Dr. Kong, CNIC001352 | |
| 038. | October 7, 2015 letter from Protocol Insurance Services to Precision Risk Management, CNIC000253 | |
| 039. | November 4, 2015 Ronald G. Kong report, CNIC001217-1219 | |
| 040. | December 9, 2015 letter from Protocol Insurance Services to Precision Risk Management, CNIC000252 | |
| 041. | February 9, 2016 letter from Protocol Insurance Services to Precision Risk Management, CNIC000251 | |

| 042. | April 13, 2016 letter from Protocol Insurance Services to Precision Risk Management, CNIC000250 | |
| 043. | April 28, 2016 Summons and Complaint, CNIC000245-249 | |
| 044. | May 4, 2016 note to Ignacio Nunez re assignment of claim, CNIC005937 | |
| 045. | May 7, 2016 email from Jim Hirsch to Douglas Gardner, CNIC000242 | |
| 046. | May 7, 2016 letter from Jim Hirsch to Douglas Gardner, CNIC000239-240 | |
| 047. | May 16, 2016 letter from Jim Hirsch to Michael White, CNIC000241 | |
| 048. | June 20, 2016 Defendant's Answer to Plaintiff's Amended Complaint, CNIC001386-1391 | |
| 049. | June 20, 2016 Demand for Jury Trial, CNIC001398-1399 | |
| 050. | June 20, 2016 Initial Appearance Filing Fee Disclosure, CNIC001402-1404 | |
| 051. | June 21, 2016 letter from Douglas Gardner to David Churchill, CNIC000087 | |
| 052. | July 6, 2016 Request for Exemption from Arbitration, CNIC001985-1988 | |
| 053. | July 19, 2016 letter from Protocol Insurance Services to Precision Risk Management, Inc. CNIC005920 | |
| 054. | August 3, 2016 Commissioner's Decision on Request for Exemption, CNIC001989-1990 | |
| 055. | August 29, 2016 Notice of Early Case Conference, CNIC001991-1992 | |
| 056. | September 6, 2016 email from Gaylynn Mccullough to Ignacio Nunez, CNIC06195 | |
| 057. | September 6, 2016 Defendant's Early Case Conference List of Witnesses and Production of Documents, with Exhibit, CNIC001993-1999 | |
| 058. | September 8, 2016 Amended Notice of Early Case Conference, CNIC002000-2001 | |
| 059. | September 12, 2016 Plaintiff's Initial Early Case Conference List of Witnesses and Exhibits, with Exhibits, CNIC000286-841 | |
| 060. | September 12, 2016 Joint Case Conference Report, CNIC002018-2026 | |
| 061. | September 15, 2016 Medical Special Matrix, GAR005399-5400 | |
| 062. | Medical Summary of Plaintiff's Initial ECC Medical Records produced, GAR005401-5402 | |
| 063. | Medical Providers summary, GAR005403 | |

| 064. | September 20, 2016 Defendant's First Set of Interrogatories to Plaintiff, CNIC002047-2055 | |
| 065. | September 20, 2016 Defendant's First Set of Request for Production of Documents to Plaintiff, CNIC002065-2071 | |
| 066. | October 3, 2016 Notice of Deposition of Antoinette Ferris, CNIC002079-2081 | |
| 067. | October 7, 2016 Plaintiff Responses to Defendant's Requests for Production of Documents, CNIC000842-859 | |
| 068. | October 7, 2016 Plaintiff Answers to Defendant's Interrogatories, CNIC000860-873 | |
| 069. | October 12-13, 2016 email exchange between Ignacio Nunez and Douglas Gardner, CNIC006147 | |
| 070. | October 13, 2016 email from Ignacio Nunez to Doug Gardner, CNIC005926 | |
| 071. | October 13, 2016 email exchange between Elaine Johnson and Chelsea Calinao, CNIC000216-217 | |
| 072. | October 27, 2016 letter from Douglas Gardner to Allen Schwartz, DO at Concentra Medical Centers, CNIC000091-94 | |
| 073. | October 27, 2016 letter from Douglas Gardner to Dr. Hugh Bassewitz at Desert Orthopedic Center, CNIC000095-98 | |
| 074. | October 27, 2016 letter from Douglas Gardner to Joseph Schifini, MD at Las Vegas Pain Control Associates, CNIC000099-102 | |
| 075. | October 27, 2016 letter from Douglas Gardner to Ronald Kong, MD, CNIC000103-107 | |
| 076. | October 31, 2016 Scheduling Order, CNIC002131-2133 | |
| 077. | November 4, 2016 Order Setting Civil Jury Trial, CNIC000220-221 | |
| 078. | November 8, 2016 letter from Douglas Gardner to Ignacio Nunez, CNIC000219 | |
| 079. | November 9, 2016 Transcript of Deposition of Antoinette Ferris, GAR000229-604 | |
| 080. | November 14, 2016 email from Douglas Gardner to Jim Hirsch, CNIC000222-223 | |
| 081. | January 11, 2017 Defendant's Early Case Conference First Supplemental to List of Witnesses and Production of Documents, CNIC002136-2155 | |

| | | |
|---|---|---|
| 082. | February 9, 2017 Plaintiff's First Set of Interrogatories to Defendant, CNIC002156-2159 | |
| 083. | February 9, 2017 Plaintiff's First Set of Requests for Production to Defendant, CNIC002160-2163 | |
| 084. | March 23, 2017 letter from David Churchill to Douglas Gardner, CNIC000107 | |
| 085. | June 2017 (unsigned) Answers to Plaintiff's First Set of Interrogatories to Defendant, CNIC002176-2183 | |
| 086. | June 13, 2017 Plaintiff's Early Case Conference List of Witnesses and Exhibits (First Supplement), CNIC0002164-2175 | |
| 087. | June 14, 2017, Plaintiff's NRCP 16.1 a(2)(B) Disclosure of Expert Jeffrey D. Gross, MD with Exhibits, GAR000748-001037 | |
| 088. | June 14, 2017, Plaintiff's NRCP 16.1 a(2)(B) Disclosure of Expert Linda Thornburg, CNIC002252-2273 | |
| 089. | June 14, 2017, Plaintiff's NRCP 16.1 a(2)(B) Disclosure of Expert Terrence M. Clauretie, Ph.D., with Report on the Lost Earnings of Ms. Antoinette Ferris, CNIC002271-2316 | |
| 090. | June 14, 2017, Plaintiff's NRCP 16.1 a(2)(B) Disclosure of Expert Thomas Jennings, CNIC002317-2336 | |
| 091. | June 20, 2017 Notice of Change of Hearing, CNIC002395 | |
| 092. | June 21, 2017 email from Sharon McNair to Jennifer Meachem and Douglas Gardner, CNIC000108 | |
| 093. | June 21, 2017 email from Jennifer Meachem to Sharon McNair, GAR004187-4189 | |
| 094. | June 21-22, 2017 email exchange between Sharon McNair and Jennifer Meachem, CNIC000117-119 | |
| 095. | June 22, 2017 email exchange between Jennifer Meachem and Brianna Baca, CNIC000113-114 | |
| 096. | June 23, 2017 email from Jennifer Meachem to J Brink, CNIC000120 | |
| 097. | June 23, 2017 letter (unsigned) from Douglas Gardner to David Churchill, GAR004260-4261 | |
| 098. | June 21-23, 2017 email exchange between Jennifer Meachem and Sharon McNair, CNIC000121-130 | |

6

| 099. | June 23-26, 2017 email exchange between Jennifer Meachem and Justin Brink, CNIC000137-139 | |
| 100. | June 26, 2017 letter from Douglas Gardner to Mark Kabins, GAR004413-4414 | |
| 101. | June 23-27, 2017 email exchange between Jennifer Meachem and Justin Brink, CNIC000151-155 | |
| 102. | June 27, 2017 letter from Douglas Gardner to David Churchill, CNIC000133-134 | |
| 103. | June 27, 2017 Notice of Independent Medical Examination, CNIC002399-2401 | |
| 104. | June 29, 2017 email from Douglas Gardner to Ignacio Nunez with attachments , CNIC006172-6192 | |
| 105. | June 29, 2017 email from Jennifer Meachem to Douglas Gardner, CNIC000159-160 | |
| 106. | June 30, 2017 email from Jennifer Meachem to A Palar, CNIC000161 | |
| 107. | June 30, 2017 Response to Plaintiff's First Set of Requests for Production to Defendant, CNIC002402-2408 | |
| 108. | June 30, 2017 Defendant's Second Supplemental Early Case Conference List of Witnesses and Production of Documents, with Exhibits E (claim file) and F (Mike Palar recorded statement), CNIC002409-2459 | |
| 109. | June 30, 2017 Notice of Deposition of Mike Palar, CNIC002460-2462 | |
| 110. | June 30, 2017 Notice of Inspection, CNIC002463-2465 | |
| 111. | June 29-30, 2017 email exchange between Jennifer Meachem and Sharon McNair, CNIC000162-164 | |
| 112. | June 22-July 10, 2017 emails between Jennifer Meachem and Brianna Baca, CNIC000169-173 | |
| 113. | July 5, 2017 letter from Sharon McNair to Douglas Gardner, CNIC000233-235 | |
| 114. | July 5, 2017 letter from Doulgas Gardner to Ignacio Nunez, GAR004601-4604 | |
| 115. | July 6, 2017 letter from Douglas Gardner to Ignacio Nunez, CNIC000001-4 | |
| 116. | July 10, 2017 email exchange between Jennifer Meachem and Douglas Gardner, CNIC000165 | |
| 117. | July 10, 2017 Offer of Judgment, CNIC000050-52 | |
| 118. | July 12, 2017 Notice to Vacate Independent Medical Examination, GAR006714-6716 | |
| 119. | July 12, 2017 email from Jennifer Meachem to Ignacio Nunez, CNIC000048 | |
| 120. | July 12, 2017 letter from Douglas Gardner to Ignacio Nunez, CNIC000049-52 | |

| 121. | June 22-July 13, 2017 email exchange between Jennifer Meachem and Brianna Baca, CNIC000181-186 | |
|------|------------------------------------------------------------------------------------------------|---|
| 122. | July 13, 2017 email exchange between Jennifer Meachem and Brianna Baca, CNIC000020-25 | |
| 123. | July 13-14, 2017 email exchange between Douglas Gardner and Sharon McNair, CNIC000026-28 | |
| 124. | July 14, 2017 Plaintiff's Early Case Conference Disclosure of Witnesses and Exhibits (Second Supplement), with Exhibits 23-38, CNIC002497-2764 | |
| 125. | July 27, 2017 Transcript of Deposition of Mike Palar, GAR000605-000747 | |
| 126. | August 2, 2017 email from Jennifer Meachem to Douglas Gardner, CNIC000019 | |
| 127. | August 2, 2017, email memo from Jennifer Meachem to Douglas Gardner, CNIC000192-193 | |
| 128. | August 7, 2017 email from Evolve Depositions to L Richardson, CNIC000194 | |
| 129. | August 14, 2017, letter from Jennifer Meachem to ACE Executive Services, with check to Daniel Dominguez and notice and subpoena of Deposition of Daniel Dominguez, CNIC000195-203 | |
| 130. | August 17, 2018 Affidavit of Service Daniel Dominguez, CNIC003017 | |
| 131. | August 17, 2017 email exchange between Jennifer Meacham and Lili Salonga, CNIC000039 | |
| 132. | August 18, 2017 email exchange between Douglas Gardner and Ignacio Nunez, CNIC000040-41 | |
| 133. | August 22, 2017 letter from Douglas Gardner to Ignacio Nunez, CNIC000042-45 | |
| 134. | August 23, 2017 Motion for Protective Order Prohibiting Deposition of Daniel Dominguez on Order Shortening Time, with Exhibits, CNIC002779-2917 | |
| 135. | August 23, 2017 Motion to Compel Discovery Responses, GAR007078-7146 | |
| 136. | August 24, 2017 Plaintiff's Motion to Strike Defendant's Answer, CNIC002924-2996 | |
| 137. | August 25, 2017 Notice of Vacating Deposition of Daniel Dominguez, CNIC002918-2920 | |
| 138. | August 31, 2017 Defendant's Third Supplemental Early Case Conference List, CNIC003013-3016 | |
| 139. | August 31, 2017 letter from Douglas Gardner to David Churchill, CNIC000212 | |
| 140. | August 31, 2017 Defendant's Amended Response to Plaintiff's First Set of Requests for Production, GAR007241-7246 | |

| 141. | August 31, 2017 Answers to Plaintiff's First Set of Interrogatories to Defendant, CNIC002466-2473 | |
| 142. | August 18-September 13, 2017 email exchange between Douglas Gardner and Ignacio Nunez, CNIC000056-59 | |
| 143. | September 2017 Discovery Commissioner's Report (signed by Gardner only), CNIC004475-4479 | |
| 144. | September 11, 2017 letter from Douglas Gardner to David Churchill re vacating Dominguez deposition, CNIC000047 | |
| 145. | September 11, 2017 letter from Douglas Gardner to David Churchill re transcript of Dominguez recording, CNIC000062-63 | |
| 146. | September 11, 2017 email from Jennifer Meachem to Douglas Gardner, CNIC000215 | |
| 147. | September 12, 2017 Defendant's Fourth Supplemental Early Case Conference List, with Exhibits G to N, CNIC003018-3740 | |
| 148. | September 13, 2017 email from Douglas Gardner to Ignacio Nunez, GAR005083-5086 | |
| 149. | September 27, 2017 Plaintiff's Supplemental Disclosure of Expert Thomas Jennings, with Supplemental Report, CNIC004469-4474; 5784-5789 | |
| 150. | October 4, 2017, Defendant's Opposition to Motion to Strike Answer, CNIC004480-4517 | |
| 151. | October 9, 2017 email from Douglas Gardner to "Mr. Whire", CNIC000053-54; 6148-6149 | |
| 152. | October 9, 2017 email from Douglas Gardner to Ignacio Nunez, CNIC000055 | |
| 153. | October 11, 2017, email from Jennifer Meachem to Doulgas Gardner, CNIC000060 | |
| 154. | October 12, 2017 email from Douglas Gardner to Ignacio Nunez, CNIC000061 | |
| 155. | October 13, 2017 Defendant's Motion to Strike Expert Thomas Jennings, CNIC004518-4571 | |
| 156. | October 18, 2017 email from Jennifer Meachem to Douglas Gardner, GAR005127 | |
| 157. | October 19, 2017 Discovery Commissioner's Report and Recommendations, CNIC004572-4576 | |

| 158. | November 2, 2017, Plaintiff's Opposition to Motion to Strike Thomas Jennings, CNIC004577-4596 | |
| 159. | November 13, 2017, Discovery Commissioner's Report and Recommendations, CNIC004597-4601; 4605-4609 | |
| 160. | November 16, 2017 Notice of Entry of Order, CNIC004603-4604 | |
| 161. | November 28, 2017 email from Lili Salonga to Douglas Gardner, CNIC000224 | |
| 162. | November 29, 2017 Order, CNIC004610-4611 | |
| 163. | December 6, 2017 trial confirmation from Eighth Judicial District Court, Dept. 24 to Churchill and Gardner, CNIC005906 | |
| 164. | December 11, 2017 Notice of 2.67 Conference, GAR008895-8896 | |
| 165. | December 11, 2017 Plaintiff's Early Case Conference List of Witnesses and Exhibits (Fifth Supplement), GAR00008904-8918 | |
| 166. | December 11, 2017 Plaintiff's Pretrial Disclosures Pursuant to NRCP 16.1(a)(3), GAR008897-8903 | |
| 167. | December 12, 2017 Discovery Commissioner's Report and Recommendations, GAR008919-8922 | |
| 168. | December 12, 2017 Pre-Trial report from Douglas Gardner to Ignacio Nunez, CNIC000072-77; 6137-6142 | |
| 169. | December 13, 2017 email from Lili Salonga to Douglas Gardner, with pre-trial memo attached, GAR005183-5190 | |
| 170. | December 13, 2017 Plaintiff's Proposed Jury Instructions with Cites, GAR008932-8980 | |
| 171. | December 13, 2017 Plaintiff's Propose Subjects for Voir Dire, GAR009039-9042 | |
| 172. | December 14, 2017 email from Lisa Richardson to Bill Neslon, GAR005135 | |
| 173. | December 14, 2017 email from Lili Salonga to Douglas Gardner, with Jury Instructions attachment, GAR005136-5181 | |
| 174. | December 14, 2017 Joint Pre-Trial Memorandum, GAR009026-009034 | |
| 175. | December 14, 2017 Notice of Entry of Order, GAR009035-9038 | |
| 176. | December 17-18, 2017 email from Douglas Gardner to Ignacio Nunez, CNIC006135-6136 | |
| 177. | December 18, 2017 email from Lisa Richardson to Douglas Gardner, GAR005191 | |

| 178. | December 28, 2017 email from Douglas Gardner to Ignacio Nunez, CNIC000064-69 | |
|------|------|---|
| 179. | December 12-28, 2017 emails from Douglas Gardner to Ignacio Nunez, CNIC006129-6134 | |
| 180. | January 2, 2018 email from Jennifer Meachem to Mr. Palar, CNIC000078 | |
| 181. | January 3, 2018 Liability Lost Status Report to Lin Lan for Trial Notification, CNIC005875-5876 | |
| 182. | January 4, 2018 trial discussion meeting, containing December 2018 Pre-trial Report, CNIC006123-6128 | |
| 183. | January 4, 2018 email from Ignacio Nunez to Joseph Diapaul, CNIC005877 | |
| 184. | January 4, 2018, notice to Jodi from Ignacio, CNIC005913 | |
| 185. | January 4, 2018 email from Douglas Gardner to Ignacio Nunez, CNIC000079-80 | |
| 186. | January 5-9, 2018 email exchange between Lili Salonga and Jennifer Meachem, GAR005233 | |
| 187. | January 8, 2018 Discovery Commissioner's Report and Recommendations, GAR009043-9046 | |
| 188. | January 8, 2018, email from Douglas Gardner to Ignacio Nunez with Large Loss Report attachment, CNIC006118-6122 | |
| 189. | January 9, 2018 Notice of Entry of Order, GAR009048-9053 | |
| 190. | January 11, 2018 email from Kurt Anderson to Douglas Gardner, GAR005235 | |
| 191. | January 11-12, 2018 email exchange between Ignacio Nunez and Douglas Gardner, CNIC006116 | |
| 192. | January 12, 2018, email from Lisa Richardson to Ignacio Nunez, CNIC005905 | |
| 193. | January 15, 2018, email from Ignacio Nunez to Douglas Gardner, CNIC006100 | |
| 194. | January 16, 2018 email from Douglas Gardner to Ignacio Nunez, CNIC006115 | |
| 195. | January 16, 2018 Fed Ex Shipment Receipt from Precision Risk Management to Douglas Gardner, CNIC005904 | |
| 196. | January 17, 2018 email from Jim Hirsch to Douglas Gardner, GAR005237 | |
| 197. | January 17, 2018 email from Douglas Gardner to Ignacio Nunez, CNIC000086 | |
| 198. | January 17-18, 2018 emails from Douglas Gardner to Ignacio Nunez, CNIC006111-6112 | |

| 199. | January 18, 2016 Verdict, GAR005351 | |
| 200. | January 19, 2018 email exchange between Ignacio Nunez and Douglas Gardner, CNIC6099 | |
| 201. | January 19, 2018 email from Douglas Gardner to Ignacio Nunez, CNIC006108 | |
| 202. | January 19, 2018 email from Douglas Gardner to Ignacio Nunez, CNIC006110 | |
| 203. | January 20, 2018 email exchange between Jessica Lemon and Jim Hirsch, CNIC006106 | |
| 204. | January 20-22-2018 email exchange between Jim Hirsch and CH Wong Insurance Agency, CNIC006104-6105 | |
| 205. | January 22, 2018 email from Ignacio Nunez to Michael White, CNIC006103 | |
| 206. | January 24, 2018 email from Douglas Gardner to Ignacio Nunez, GAR005246 | |
| 207. | January 23-24, 2018 email exchange between Vincent Panko and Ignacio Nunez, CNIC006102 | |
| 208. | January 26, 2018 Verified Memorandum of Costs and Disbursement, GAR009054-9137 | |
| 209. | January 29, 2018 email from Douglas Gardner to Ignacio Nunez, CNIC006101 | |
| 210. | January 30, 2018 letter from Cara Xidis to Century National, CNIC005989 | |
| 211. | January 30, 2018 letter from Cara Xidis to Ignacio Nunez, CNIC006096 | |
| 212. | January 22, 2018 email from Ignacio Nunez to Douglas Gardner, CNIC006098 | |
| 213. | January 25, 2018 email from Ignacio Nunez to Douglas Gardner, CNIC006097 | |
| 214. | January 31, 2018 email from Ignacio Nunez to Douglas Gardner, CNIC006093 | |
| 215. | January 31, 2018 email from Ignacio Nunez to Douglas Gardner, CNIC006094 | |
| 216. | January 31, 2018 email from Douglas Gardner to Jennifer Meachem, GAR005338-5339 | |
| 217. | January 31, 2018 Motion to Retax Costs, GAR009242-9248 | |
| 218. | February 1, 2018 Amended Verified Memorandum of Costs and Disbursements, GAR009253-9256 | |
| 219. | February 1, 2018 letter from Ignacio Nunez  to Cara Xidis, CNIC006092 | |
| 220. | February 2, 2018 Motion to Retax Costs, GAR009257-9269 | |
| 221. | February 5, 2018 email from Ignacio Nunez to Douglas Gardner, CNIC006091 | |
| 222. | February 5, 2018 email from Ignacio Nunez to Lin Lan, CNIC006090 | |

| 223. | February 6, 2018 email from Douglas Gardner to Ignacio Nunez, CNIC006087-6088 | |
| 224. | February 6, 2018 Judgment on Jury Verdict, GAR005348-5351 | |
| 225. | February 7, 2018 Notice of Entry of Judgment, GAR009283-9288 | |
| 226. | February 8, 2018 email from Ignacio Nunez to Douglas Gardner, CNIC006089 | |
| 227. | February 8, 2018 email exchange between Ignacio Nunez and Douglas Gardner, CNIC006081-6082 | |
| 228. | February 14, 2018 Opposition to Motion to Retax Costs, GAR009289-9397 | |
| 229. | February 15, 2018 letter from Cara Xidis to  Ignacio Nunez, CNIC006083-6084 | |
| 230. | February 15, 2018 letter from Cara Xidis to Century National, CNIC005991-5992 | |
| 231. | February 20, 2018 email from Douglas Gardner to Cara, GAR005363 | |
| 232. | February 21, 2018 email from Douglas Gardner to Ignacio Nunez, GAR005366 | |
| 233. | February 21-22, 2018 email exchange between Ignacio Nunez and Douglas Gardner, CNIC006075-6080 | |
| 234. | February 22, 2018 Motion for New Trial with exhibits, CNIC006052-6071 | |
| 235. | February 27, 2018 Notice of Appearance, GAR009456-9458 | |
| 236. | March 1, 2018 letter from Gilbert Hernandez to Douglas Gardner, GAR005374-5375 | |
| 237. | March 2, 2018 email from Douglas Gardner to Gilbert Hernandez, GAR005373 | |
| 238. | March 8, 2018 Motion for Attorney's Fees, GAR009459-9484 | |
| 239. | March 12, 2018 email from Ignacio Nunez to Douglas Gardner, CNIC006073 | |
| 240. | March 13, 2018 email from Douglas Gardner to Jessica Walrath, GAR005386-5387 | |
| 241. | March 13, 2018 Opposition to Motion for New Trial, GAR009485-9536 | |
| 242. | March 15, 2018 letter from Cara Xidis to Century National, CNIC005995 | |
| 243. | March 16, 2018 email from Ignacio Nunez to Douglas Gardner, CNIC006074 | |

| 244. | April 3, 2018, letter from Ignacio Nunez to Michael Wall, CNIC006047 | |
| 245. | April 3, 2018, email from Michael Wall to Ignacio Nunez, CNIC006072 | |
| 246. | April 5, 2018 Notice of Appearance, GAR009591-9593 | |
| 247. | April 5, 2018 Reply in Support of Motion for New Trial, GAR009594-9734 | |
| 248. | April 9, 2018 Substitution of Counsel, GAR005394-5396 | |
| 249. | April 11, 2018 letter from Douglas Gardner to Hon. Judge Jim Crocket, GAR5397 | |
| 250. | May 3, 2018 Reply in Support of New Trial, GAR009543-9590 | |
| 251. | May 11, 2018 letter from Ignacio Nunez to Douglas Gardner, with attachment, CNIC006044-6046 | |
| 252. | May 15, 2018 Notice of Dismissal of Attorney Douglas J. Gardner, GAR009588-9590 | |
| 253. | May 16, 2018 Opposition to Plaintiff's Motion for Attorney Fees, GAR009540-9542 | |
| 254. | June 13, 2018 email from Ignacio Nunez to Gilbert Hernandez, CNIC006048 | |
| 255. | July 18, 2018 letter from Cara Xidis to Ignacio Nunez, CNIC005982 | |
| 256. | July 18, 2018 letter from Cara Xidis to Gilbert Hernandez, CNIC005985 | |
| 257. | Jury 24, 2018 letter from John Johnson, Jr. to Christopher Fagan, CNIC005980-5981 | |
| 258. | July 26, 2018 letter from Cara Xidis to Ignacio Nunez, CNIC005983-5984 | |
| 259. | July 26, 2018 letter from Cara Xidis to Gilbert Hernandez, CNIC005983-5984 | |
| 260. | June 27, 2018 from Nelia Ferreira to Ignacio Nunez, with attached filings, CNIC006032-6041 | |
| 261. | Jennifer Meachem's witness communication timeline, Exhibit 90 to Deposition of Jennifer Meachem | |
| 262. | Trial Exhibit List, and Exhibits, CNIC004616-5783 | |
| 263. | Eighth Judicial District Department 24: Trial Readiness Status Check, CNIC004612-4615 | |
| 264. | American Bio Engineers Fee Schedule, CNIC000225 | |

| 265. | American Bio Engineers, Justin R. Brink, MSBE curriculum vitae, CNIC000226-232; 5959 | |
| 266. | American Bio Engineers Invoicing, CNIC005809-5810; 5927; GAR000095-98, 106, 117, 136, 141, 156, 189 | |
| 267. | Record review summary, CNIC001315 | |
| 268. | Joseph Schifini billing and receipts, CNIC1772-1777 | |
| 269. | Desert Radiologists Invoicing, GAR001204 | |
| 270. | McNair & Associates Invoicing, CNIC005928-5930; GAR0000103-105, 118-120, 137-139, 190-192 | |
| 271. | Rands, South & Gardner Invoicing, CNIC005815-5820; 5852-5874; 5932-5935; 5965-5978; ALPS000137-138; GAR000071-74, 76-78, 83-84, 90-92, 99-102, 111-116, 122-125, 127-128, 130-135, 142-144, 147-151, 157-159, 161-175, 178-188, 194-205, 207-212, 215-221, 224-228, 5081-5082, 5247-5249 | |
| 272. | E-filing Receipt for Defendant's Answer to Plaintiff's Amended Complaint, CNIC005936 | |
| 273. | Cozen O'Connor Invoicing, CNIC005811-5814; 5821-5851; 5878-5887; 5890-5901; 5955 | |
| 274. | Hutchinson & Steffen Invoicing, CNIC05888-5889; 5902; 5912 | |
| 275. | DDS Legal Support Systems, Inc. Invoicing, CNIC005907; 5911 | |
| 276. | Evolve Deposition Invoicing, CNIC005931; GAR000107, 121, 140, 193 | |
| 277. | Eighth Judicial District Court Invoicing, CNIC005908; GAR000152 | |
| 278. | Jury Meal voucher receipts, CNIC005909-5910; GAR000153-154 | |
| 279. | Protocol Insurance Services Invoicing, CNIC005914-5918; 5921-5925; 5960-5964 | |
| 280. | Ronald Kong Invoicing and Payment, GAR000079-80 | |
| 281. | Med-R Invoicing and Payment, GAR00085-86 | |
| 282. | Precision Risk checks, GAR000075, 82, 89, 129, 145, 155, 160, 177, 206, 213-214, 222-223 | |
| 283. | Esquire Deposition Solutions Invoicing and Payment, GAR000087-88 | |
| 284. | ACE Executive Services, LLC, GAR000110, 146 | |
| 285. | Daniel Dominguez payment, GAR000108 | |

| 286. | Century-National Insurance Company disbursement reports, CNIC005953-5954 | |
| 287. | ITS:Find Notes/Reminders, CNIC006564-6569; GAR000055-000066 | |
| 288. | ITS:Find More Notes/Reminders, CNIC006726-6755 | |
| 289. | NEMA Policy, CNIC006756-6879 | |
| 290. | Initial Case Analysis blank form and Efficient Use of Legal Effort, GAR000008-000014 | |
| 291. | Mark B. Kabins Curriculum Vitae and Fee Schedule, GAR001038-1046 | |
| 292. | Gardner Trial Folder Documents, GAR002589-003002 | |
| 293. | Ferris v. Nema Trial Exhibit List, GAR003003-3009 | |
| 294. | Ferris v. Nema Trial Exhibits 1-57, GAR003010-4170 | |
| 295. | Dawn Cook, RN, CNLCP, CLCP, Curriculum Vitae | |
| 296. | May 31, 2019, Dawn Cook, Preliminary Past Medical Bill Review for Ms. Antoinette Ferris, | |
| 297. | Benjamin Ewers PhD, PE, Curriculum Vitae | |
| 298. | July 2, 2019, Benjamin Ewers Report | |
| 299. | Jason Garber, MD, Curriculum Vitae | |
| 300. | June 3, 2019, Jason Garber Report | |
| 301. | Steven Hake, MD, Curriculum Vitae | |
| 302. | June 1, 2019, Steve Hake, Independent Radiology Review | |
| 303. | Dennis Kennedy, Curriculum Vitae | |
| 304. | June 3, 2019, Dennis Kennedy Report | |
| 305. | Kevin Kirkendall, Curriculum Vitae | |
| 306. | May 31, 2019, Kevin Kirkendall Report | |
| 307. | William Reeves, Curriculum Vitae | |
| 308. | May 31, 2019, William Reeves Report | |
| 309. | Ricky Sarkisian, Curriculum Vitae | |
| 310. | May 31, 2019, Ricky Sarkisian Report | |
| 311. | May 22, 2019, Ricky Sarkisian File Memorandum | |
| 312. | Peter Zande, Curriculum Vitae | |
| 313. | May 29, 2019, Peter Zande Report | |
| 314. | June 10, 2010 Arizona Medical Board In the Matter of Mark B. Kabins, MD. | |
| 315. | September 1, 2011 Final Decision on Review of Administrative Law Judge Decision, re Mark B. Kabins, MD | |
| 316. | January 2018 Indictment – United States v. Jeffrey David Gross | |
| | | |
| **Exhibit No.** | **Description of Evidence Against Gardner Defendants and ALPS** | |
| 317. | NEMA Policy, CNIC006756-6879 | ALPS |

| 318. | April 19, 2019, Gardner Defendants' Responses to Plaintiffs' Request for Production of Documents | ALPS |
|---|---|---|
| 319. | Century-National Insurance Company Agency Agreement, CNIC005790-5805 | ALPS |
| 320. | Century National General Liability Limits Form, CNIC006472 | ALPS |
| 321. | Century National and Pacific Pioneer Insurance Company Reinsurance Agreement, CNIC006704-6725 | ALPS |
| 322. | UCA General Balance Sheet 8/31/2018 and 9/30/2018, CNIC006726 | ALPS |
| 323. | Pacific Pioneer Insurance Company Balance Sheets, CNIC006727-6728 | ALPS |
| 324. | Stock Purchase Agreement, CNIC007011-7092 | ALPS |
| 325. | Precision Risk Litigation Guidelines, CNIC00688-6921 | ALPS |
| 326. | Precision Risk Litigation Manual, CNIC006922-6984 | ALPS |
| 327. | Precision Risk Claims Services Agreement, CNIC006986-7010 | ALPS |
| 328. | Insurance Declaration Sheet, ALPS000028 | ALPS |
| 329. | Omitted | |
| 330. | ALPS Redacted Claim File Notes, ALPS000414-000428 | ALPS |
| 331. | March 13, 2018 email from Stacey Smith to Fagan, ALPS000380-383 | ALPS |
| 332. | March 19, 2018 email from Fagan to Gardner, ALPS000315 | ALPS |
| 333. | April 9, 2018 email from Fagan to Gardner, ALPS000316-317 | ALPS |
| 334. | April 11, 2018 email from Fagan to Gardner, ALPS000318-19 | ALPS |
| 335. | April 11, 2018 email from Gardner to Fagan, ALPS000320-322 | ALPS |
| 336. | April 12, 2018 email from Fagan to Gardner, ALPS000323-325 | ALPS |
| 337. | April 12, 2018 email from Gardner to Fagan, ALPS000326-329 | ALPS |
| 338. | April 18, 2018 letter from Johnson Jr. to Fagan, with Exhibits A-Z, CNIC006334-6471 | ALPS |
| 339. | April 24, 2018 email from Johnson Jr. to Fagan, ALPS000053-54 | ALPS |
| 340. | April 26, 2018 email exchange between Fagan and Johnson Jr, ALPS000055-59 | ALPS |
| 341. | April 27, 2018 email exchange between Fagan and Johnson Jr, ALPS000060-62 | ALPS |
| 342. | April 27, 2018 email exchange with Theresa Thompson, Fagan and Johnson, Jr., ALPS000063-67 | ALPS |

| 343. | April 30, 2018 email exchange with Theresa Thompson, Fagan and Johnson, Jr., ALPS000068-76 | ALPS |
|------|---------------------------------------------------------------------------------------------|------|
| 344. | April 30, 2018 email from Fagan to Gardner, ALPS000330-333 | ALPS |
| 345. | April 30, 2018 email from Fagan to Gardner, ALPS000334-335 | ALPS |
| 346. | April 30, 2018 email from Fagan to Gardner, ALPS000336-338 | ALPS |
| 347. | May 1, 2018 email exchange with Theresa Thompson, Fagan and Johnson, Jr., ALPS000077-81 | ALPS |
| 348. | May 2, 2018 email exchange with Theresa Thompson, Fagan and Johnson, Jr., ALPS000082-88 | ALPS |
| 349. | May 4, 2018 email from Theresa Thompson to Fagan, with attachments, ALPS000089-121 | |
| 350. | May 4, 2018 email exchange with Theresa Thompson, Fagan and Johnson, Jr., ALPS000122-128 | ALPS |
| 351. | May 7, 2018 email exchange with Theresa Thompson, Fagan and Johnson, Jr., ALPS000129-136; 139-149 | ALPS |
| 352. | May 11, 2018 letter from Ignacio Nunez to Douglas Gardner, with attachment, CNIC006044-6046 | ALPS |
| 353. | May 11, 2018 letter from Johnson Jr. to Fagan, CNIC006330-6331 | ALPS |
| 354. | May 17, 2018 email from Fagan to Gardner with attachment, ALPS000339-343 | ALPS |
| 355. | May 17, 2018 email exchange between Gardner and Fagan, ALPS000344-350 | ALPS |
| 356. | May 17, 2018 email exchange between Johnson Jr. and Fagan, ALPS000159-169 | ALPS |
| 357. | May 21, 2018 letter from Johnson Jr. to Fagan, CNIC006325-6326; ALPS000171-172 | ALPS |
| 358. | May 21, 2018 email from Fagan to Johnson Jr., ALPS000173-174 | ALPS |
| 359. | May 21, 2018 email from Fagan to Gardner, ALPS000384—385 | ALPS |
| 360. | June 4, 2018 email from Fagan to Gardner, ALPS000351-352 | ALPS |
| 361. | June 4, 2018 email from Johnson Jr. to Fagan, ALPS000175 | ALPS |
| 362. | June 4, 2018 letter from Fagan to Gardner, ALPS000353-354 | ALPS |
| 363. | June 4, 2018 letter from Fagan to Gardner, ALPS000360-361 | ALPS |
| 364. | June 4, 2018 email from Fagan to Fagan, ALPS000386-388 | ALPS |

| 365. | June 5, 2018 email from Fagan to Rob Tameler, ALPS000389 | |
| 366. | June 6, 2018 email exchange between Fagan and Johnson Jr., ALPS000176-178 | ALPS |
| 367. | June 13, 2018 email from Fagan to Gardner, ALPS000362-368 | ALPS |
| 368. | June 14, 2018 letter from Johnson Jr. to Fagan, CNIC006317-6318; ALPS000180-181 | ALPS |
| 369. | June 21, 2018 letter from Johnson Jr. to Fagan, CNIC006315-6316; ALPS000001-2; 190-191 | ALPS |
| 370. | June 21, 2018 email exchange between Fagan and Johnson Jr., ALPS000187-188; 192-193 | ALPS |
| 371. | June 22, 2018 email from Fagan to Gardner, ALPS000393 | |
| 372. | June 22, 2018 email from Fagan to Gardner and Rands, ALPS000393-398 | ALPS |
| 373. | June 22, 2018 email exchange between Johnson Jr. and Fagan, with attachment, ALPS000194-197 | |
| 374. | June 27, 2018 email from Fagan to Rob Tameler and David Bell, ALPS000399 | |
| 375. | June 27, 2018 email from Rob Tameler to Fagan, ALPS000400 | |
| 376. | June 27, 2018 Claim Action Summary, ALPS000401-403 | ALPS |
| 377. | June 27, 2018 email from Douglas Rands to Fagan, ALPS000369 | ALPS |
| 378. | June 27, 2018 email exchange between Gardner and Fagan, ALPS000371-374 | ALPS |
| 379. | June 27, 2018 correspondence from Fagan to Johnson Jr, ALPS000003-5 | ALPS |
| 380. | June 27, 2018 email exchange between Johnson Jr. and Fagan, ALPS000198-212 | ALPS |
| 381. | June 27, 2018 email from Fagan to Gardner, ALPS000375 | ALPS |
| 382. | June 28, 2018 email from Fagan to Rob Tameler, ALPS000404-405 | ALPS |
| 383. | June 28, 2018 email exchange between Johnson Jr. and Fagan, ALPS000213-228 | ALPS |
| 384. | June 29, 2018 email exchange between Johnson Jr. and Fagan, ALPS000229-235 | ALPS |
| 385. | July 16, 2018 email from Fagan to Johnson Jr., ALPS000236 | ALPS |
| 386. | July 16, 2018 email from Johnson Jr. to Fagan, ALPS000243 | ALPS |
| 387. | July 16, 2018 email from Fagan to Johnson Jr., ALPS000250 | ALPS |

| | | |
|---|---|---|
| 388. | July 16, 2018 email from Fagan to Johnson Jr., ALPS000257 | ALPS |
| 389. | July 16, 2018 email from Johnson Jr. to Fagan, ALPS000264 | |
| 390. | July 16, 2018 email from Johnson Jr. to Fagan, ALPS000272 | ALPS |
| 391. | July 16, 2018 email from Fagan to Johnson Jr., ALPS000280 | ALPS |
| 392. | July 16, 2018 email from Johnson Jr. to Fagan, ALPS000288 | ALPS |
| 393. | July 16, correspondence from Fagan to Johnson Jr, ALPS000006-10 | ALPS |
| 394. | July 16, correspondence from Johnson Jr to Fagan, ALPS000011-17 | ALPS |
| 395. | July 17, 2018 email from Johnson Jr. to Fagan, ALPS000297-298 | ALPS |
| 396. | July 18, 2018  NEMA Settlement Conference Statement with attached Order and Daniel Dominguez Transcript, CNIC006255-6297 | ALPS |
| 397. | July 24, 2018 email from Ed Wrzesien to Fagan, ALPS000406 | |
| 398. | July 24, 2018 email from Fagan to Kristine Redli, ALPS000376 | |
| 399. | July 24, 2018 email from Kristine Redli to Fagan, ALPS000407-408 | ALPS |
| 400. | July 24, 2018 letter from Johnson Jr to Fagan, CNIC006473-6474; ALPS000300-301 | ALPS |
| 401. | July 31, 2018 letter from Fagan to Johnson, CNIC006303-6304 | ALPS |
| 402. | August 7, 2018 email from Johnson to Fagan, ALPS000302 | |
| 403. | August 9, 2018 email from Johnson to Fagan, ALPS000303 | |
| 404. | August 9, 2018 correspondence from Fagan to Johnson, ALPS000023 | ALPS |
| 405. | August 10, 2018 email from Johnson to Fagan, ALPS000304-305 | ALPS |
| 406. | August 15, 2018 Settlement Agreement, CNIC006525 | ALPS |
| 407. | September 2018 Checks Payable to Injury Lawyer of Nevada Trust Account, CNIC005806-5808 | ALPS |
| 408. | September 7, 2018 Settlement Agreement, CNIC006241-6252 | ALPS |
| 409. | September 10, 2018 receipt of checks payable to Injury Lawyers, CNIC006236-6239 | ALPS |
| 410. | Stock Purchase Agreement Dated as of November 15, 2019, bate stamped CNIC007011-007092 | ALPS |
| 411. | February 12, 2019, ALPS Initial Disclosures | ALPS |
| 412. | April 11, 2019, ALPS's Responses to Plaintiffs' Requests for Production of Documents | ALPS |

| 413. | April 25, 2019, ALPS's First Supplemental Disclosure | ALPS |
|------|------------------------------------------------------|------|
| 414. | May 10, 2019, ALPS's Supplemental Responses to Plaintiffs' Requests for Production of Documents | ALPS |
| 415. | October 3, 2019, ALPS's Fourth Supplemental Disclosure | ALPS |
| 416. | October 4, 2019, ALPS's Fourth Supplemental Disclosure | ALPS |
| 417. | October 29, 2019, ALPS's Second Supplemental Responses to Plaintiffs' Requests for Production of Documents | ALPS |
| | | |
| **No.** | **Exhibits in Support of Gardner Defendants** | |
| 418. | March 6, 2018 email from Ignacio Nunez to Douglas Gardner, GAR0009843 | |
| 419. | February 21-22, 2018 email chain between Douglas Gardner, Ignacio Nunez, Lin Lan, and Michael Wall, GAR009844 – GAR009849 | |
| 420. | February 8, 2018 email chain between Douglas Gardner and Ignacio Nunez, GAR009850-GAR009851 | |
| 421. | February 15, 2018 letter from Cara Xidis to Douglas Gardner, GAR0009852-GAR009853 | |
| 422. | February 6, 2018 email chain between Douglas Gardner and Ignacio Nunez, GAR0009854 – GAR009857 | |
| 423. | February 8, 2018 email between Ignacio Nunez, Douglas Gardner, Lin Lan, and Michael Wall  GAR0009858 | |
| 424. | February 1, 2018 emails between Ignacio Nunez, Lin Lan, and Michael Wall GAR009859 – GAR009860 | |
| 425. | January 30, 2018 letter to Ignacio Nunez from Cara Xidis, GAR009865 | |
| 426. | January 25, 2018 email from Ignacio Nunez to Douglas Gardner, GAR0009866 | |
| 427. | January 22, 2018 email from Ignacio Nunez to Douglas Gardner, GAR009867 | |
| 428. | January 19, 2018 email from Ignacio Nunez to Douglas Gardner, GAR009868 | |
| 429. | January 17 - 18, 2018 email chain between Douglas Gardner to Ignacio Nunez, GAR009880 – GAR009884 | |
| 430. | January 12, 2018 email from Ignacio Nunez to Douglas Gardner, GAR009885 | |
| 431. | January 12, 2018 email from Ignacio Nunez to Douglas Gardner, GAR009887 | |
| 432. | January 11, 2018 email from Douglas Gardner to Ignacio Nunez, GAR009888 | |
| 433. | January 4, 2018 email from Douglas Gardner to Ignacio Nunez, GAR009894 – GAR009899 | |
| 434. | Email and attachment from Elaine Johnson to Ignacio Nunez, GAR0009912 – GAR009915 | |
| 435. | October 13, 2017 email from Ignacio Nunez to Douglas Gardner, GAR000916 | |
| 436. | August 22, 2017 email and attachment from Jennifer Meacham to Ignacio Nunez, et. al., GAR009924 – GAR009928 | |
| 437. | July 13, 2017 email from Douglas Gardner to Shannon McNair, GAR0009929 – GAR009930 | |
| 438. | July 12, 2017 email and attachment from Jennifer Meacham to Ignacio Nunez, GAR009931 – GAR009940 | |
| 439. | June 29, 2017 email from Douglas Gardner to Ignacio Nunez, GAR009962 – GAR009963 | |
| 440. | May 7, 2016 letter from Ignacio Nunez to Douglas Gardner, GAR009965 – GAR009966 | |

| 441. | Email chain and attachments concluding May 4, 2016 between Heidi Sanchez, Lois Hogan, Diana O'Mara and C.H Insurance Agency, GAR009969 – GAR009975 | |
|---|---|---|
| 442. | October 5, 2015 letter from Vincent Panko to Heidi Sanchez, GAR009979 | |
| 443. | Email chain concluding September 22, 2014 between Vincent Panko to Heidi Sanchez, GAR009985 - GAR009990 | |
| 444. | June 25, 2014 letter from Vincent Panko to Heidi Sanchez, GAR009991 | |
| 445. | Protocol Insurance Services Documents, GAR009994 – GAR009997 | |
| 446. | Precision Risk Management Outside Adjusters Assignment Instructions, GAR009999 – GAR010001 | |
| 447. | Email chain concluding July 14, 2014 between Raene O'neil and Margarite Lozano GAR010002 | |
| 448. | General Liability Notice of Occurrence/Claim GAR010003 – GAR010004 | |
| 449. | Field Notes/Reminders GAR009735 – GAR009764 | |
| 450. | Rands, South & Gardner Invoices to Precision Risk Management, GAR009768 – GAR009775 | |
| 451. | DDS Services Invoice, GAR009776 | |
| 452. | January 24, 2018 Eighth Judicial District Court Letter/Invoice Eighth Judicial District Court Administration Jury Meal Voucher for Capriottis, GAR009777 – GAR009779 | |
| 453. | DDS Services Invoice, GAR009780 | |
| 454. | Hutchison & Steffan Invoice, GAR009781 – GAR009784 | |
| 455. | FedEx Shipment Receipt, GAR009785 | |
| 456. | Eighth Judicial District Court Jury Trial Schedule, GAR000787 | |
| 457. | Protocol Insurance Services Invoice, GAR009789 – GAR009793 | |
| 458. | July 19, 2016 Protocol Insurance Services letter to Douglas Gardner and enclosed claim documents GAR009794 – GAR009839 | |
| 459. | Pacific Pioneer Insurance Company Organizational Chart – LAN Exhibit C | |

22