# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| CENTURY-NATIONAL INSURANCE COMPANY, et al., | Case No. 2:18-cv-02090-APG-NJK |
| Plaintiff(s), | **Order** |
| v. | [Docket No. 195] |
| DOUGLAS J. GARDNER, ESQ., et al., | |
| Defendant(s). | |

Pending before the Court is Defendant ALPS's motion to allow broad discovery regarding consequential damages in the reopened discovery period. Docket No. 195. Plaintiffs filed a response in opposition. Docket No. 196. ALPS filed a reply. Docket No. 197. The motion is properly resolved without a hearing. *See* Local Rule 78-1. For the reasons discussed below, the motion is **GRANTED**.[1]

When there has been a computation of damages disclosure violation, courts (and parties) strive to fulfill the Rule 1 goals of achieving a just, speedy, and inexpensive resolution of the case, as well as the strong preference that cases be adjudicated on their merits when feasible, by crafting appropriate remedial measures that enable the defendant to respond to the late-disclosed damages.

---

[1] The parties are familiar with the facts of this case and procedural history, so the Court will not provide a factual background herein.

1

*See Silvagni v. Wal-Mart Stores, Inc.*, 320 F.R.D. 237, 243 (D. Nev. 2017).[2]  Magistrate judges have broad discretion to manage the discovery process "in the interests of dispatch and fairness." *V5 Techs. v. Switch, Ltd.*, 332 F.R.D. 356, 361 (D. Nev. 2019); *see also Hallett v. Morgan*, 296 F.3d 732, 751 (9th Cir. 2002) (noting broad discretion to permit or deny discovery).

Because Plaintiffs violated their disclosure obligations, discovery in this case has been reopened in lieu of striking millions of dollars in belatedly disclosed damages.  *See* Docket No. 191-2 at 40.[3]  While it is clear that discovery will be reopened, the parties disagree as to the scope of allowable discovery during this period.  *See* Docket No. 196 at 16.  The Court is more persuaded by ALPS's position that a broader scope of discovery is justified here.  *See* Docket No. 195; *see also* Docket No. 197.

As a threshold matter, the Court notes that the parties are in this predicament because of Plaintiffs' significant disclosure violation.  *See* Docket No. 191-1 at 32 ("It was certainly neglectful, and it was certainly a violation of the federal rules of civil procedure"); *see also* Docket No. 191-2 at 40 ("I'm not blessing it and I'm not forgiving it").  Against that backdrop, leniency should be shown to ALPS as it digests how the increase in its liability exposure impacts its preparedness for trial and determines its discovery needs in light of the ruling not to exclude the disputed damages.  *See, e.g.*, Docket No. 191-1 at 35 (highlighting the need for leniency toward ALPS's discovery needs given the equities arising from these circumstances).  The Court is particularly sensitive to ALPS's argument that its discovery needs have changed given the dramatic increase in the consequential damages claimed, as it is commonplace for litigants to tailor

---

[2] Plaintiffs rely on the standards for modifying case management deadlines under Rule 16 of the Federal Rules of Civil Procedure.  Docket No. 196 at 16.  It is not clear that is correct. Regardless of the decision made today, the discovery period will be reopened in an attempt to lessen the prejudice to ALPS from Plaintiffs' untimely disclosure.  *See, e.g.*, *id.*  The dispute before the Court relates only to the proper scope and duration of this discovery period, which are issues better viewed through the lens of the case law specific to disclosure violations.  *See Silvagni*, 320 F.R.D. at 243; *see also Wilson v. Wal-Mart Stores, Inc.*, 2016 WL 4699693, at *3 (D. Nev. Sept. 7, 2016) (noting that where there is a disclosure violation, "in the spirit of Rule 1, Defendant's concerns over trial strategy could have been alleviated and the disclosure failure rendered harmless by extending discovery if necessary").

[3] The pagination cited herein is that assigned by CMECF, not the pagination native to that document.

2

their discovery strategy based on the liability exposure gleaned from the damages computation. *See, e.g.*, *City & Cnty. of San Francisco v. Tutor-Saliba Corp.*, 218 F.R.D. 219, 221 (N.D. Cal. 2003) (explaining that damages computations are meant to put defendants on notice as to potential liability exposure so that, *inter alia*, they can make informed decisions as to discovery strategy).[4] Moreover, the corporate sale at the heart of the new damages computation took place *after* the close of discovery, so it is not clear that ALPS could have fully evaluated its discovery needs during the discovery period as it relates to that sale. *Cf.* Docket No. 191-2 at 22 (declining to strike new damages computation in part because "the discovery still would have had to have been reopened because the sale closed after discovery closed in this case").[5]

In short, there is good reason why ALPS needs this discovery now (and why it did not obtain it previously), and the equities favor allowing it to get it. This is sufficient to justify a broader reopening of discovery than Plaintiffs would prefer. In light of all of the circumstances, the Court exercises its discretion to reopen discovery to include the causation discovery that ALPS seeks. Accordingly, the motion to reopen is **GRANTED** as to the scope and duration of reopened discovery.[6] Moreover, the Court hereby **SETS** deadlines as follows:

- ALPS expert disclosure: July 17, 2023
- Reopened discovery cutoff: September 13, 2023
- Dispositive motions/motions in limine re consequential damages: October 13, 2023
- Amended joint pretrial order: November 13, 2023

---

[4] A defendant's discovery strategy in a case worth $1,500,000 may be very different from its discovery strategy in a case worth $9,000,000. Indeed, what is even discoverable in the case may change based on such a significant variance in liability exposure. *See* Fed. R. Civ. P. 26(b)(1) (identifying "the amount in controversy" as a factor in deciding proportionality).

[5] That the sale took place after the close of discovery cuts both ways. While it was factored into the decision not to strike Plaintiffs' untimely computation of damages, it also supports broader discovery for ALPS since the circumstances were not fully developed until after discovery closed. That is particularly true given that the earlier disclosures represented that PPIC was "consider[ing]" a discounted sale that would happen "if" a buyer could be found. Docket No. 196-1 at 15.

[6] Without meaningful elaboration, ALPS seeks a new deadline to amend its pleadings. *See* Docket No. 195 at 24. The Court declines to address issues presented without meaningful discussion. *Kor Media Grp., LLC v. Green*, 294 F.R.D. 579, 582 n.3 (D. Nev. 2013).

While the Court is allowing a broader scope of discovery during this reopened period, the Court is mindful that this is an old case. <u>Given the procedural posture, the Court is not inclined to extend the deadlines set herein.  Counsel must take all appropriate steps to meet the deadlines as currently established.</u>

IT IS SO ORDERED.

Dated: March 20, 2023

_____
Nancy J. Koppe
United States Magistrate Judge